Fred Arispe CRUZ, Appellant,

v.

STATE of Texas, Appellee.

No. 33026.

Court of Criminal Appeals of Texas.

March 1, 1961.

No attorney for appellant of record on appeal.

Charles J. Lieck, Jr., Criminal Dist. Atty. Jack Paul Leon, Harry A. Nass, Jr., Asst. Criminal Dist. Attys., San Antonio, and

458

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, 15 years.

The evidence, from the standpoint of the state, shows that appellant and one Robert Lopez went to a Lone Star Ice Station, produced pistols and had Wyman Jones, the night manager, open the cash register and put all of the cash and checks, except the pennies, in a paper bag. Mr. Jones and 16 year old Harley Wingo, another employee, were ordered to lie down with their faces to the floor and remain there under threat of being shot. The money and robbers were gone when they looked up.

· Officers answering a report of the robbery were given a description of the robbers, and appellant and Lopez were found four or five blocks away, sitting on the curb with the sack of money between them. They were taken back to the scene of the robbery where they were positively identified by Wyman Jones and Harley Wingo, who identified them later in the night at the police station, and again positively identified them at the trial.

Checks contained in the sack found between appellant and Robert Lopez were introduced in evidence. They showed to belong to the Lone Star Ice Company and were identified by Wyman Jones as taken from the cash register.

Appellant testified that he took no part in the robbery; did not know Robert Lopez until he saw the officers take two pistols from him and find a sack of money. He denied that he was sitting by Lopez or near the sack of money when the officers arrived. According to appellant, Mr. Jones and Harley Wingo were mistaken in their identification of him, and the officer's testimony as to his sitting on the curb with Robert Lopez, with the sack of money between them, was not true.

The jury accepted the state's version of the facts and the evidence sustains their verdict.

It is contended that the arrest of appellant was unlawful and the evidence relating thereto and to the recovery of the fruits of the robbery was improperly admitted. We overrule this contention.

Officer Tackitt testified without objection to these facts, hence appellant is in no position to rely upon his objection to Officer Donahoe's testimony to the same facts. Scanlin v. State, 165 Tex.Cr.R. 185, 305 S.W.2d 357; Tex.Digest, Criminal Law, ☜1169(2) (a). We hold, however, that the evidence was admissible.

We are unable to agree with appellant's contention that he has been deprived of a fair trial or of due process of law.

The judgment is affirmed.