**Clark Denman PICKEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41178.**

Court of Criminal Appeals of Texas.

April 24, 1968.

Rehearing Denied June 12, 1968.

James S. McGrath, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is Murder without Malice; the punishment, assessed by the jury, five (5) years confinement in the Texas Department of Corrections.

The appellant was indicted for the alleged murder with malice aforethought of his son-in-law, and the State sought the death penalty.

Appellant urges three grounds of error, but has brought forth, by his own amended designation of the record, only a portion of the transcription of the court reporter's notes.

■ In his first ground of error he contends the trial court erred in overruling his motion for mistrial based upon a courtroom spectator (sister of the deceased) exclaiming "He's a liar" while appellant was testifying before the jury. The only portion of the record before us on this question is the hearing on appellant's motion for mistrial. It appears the remark was made when appellant related that the deceased

"cussed" his children at the table. There is no showing that the remark was heard by the jury, the judge or the court reporter. What action was taken at the time of the remark or after the hearing on the motion for mistrial is not revealed by the record, other than a general admonishment of the courtroom audience by the court. We are unable to appraise ground of error #1.

In ground of error #2 appellant complains of the admission into evidence of the testimony of a State's rebuttal witness as to certain statements attributed to the appellant shortly after the killing while he was under an alleged citizen's arrest and under arrest by the police. In ground of error #3 appellant claims error because the same witness was permitted to relate that he had seen the appellant in possession of a pistol on a prior occasion.

It appears that after appellant testified in his own behalf, the State called Thomas Bobino as a rebuttal witness. Only Bobino's testimony is in the record before us, and we are therefore unable to appraise grounds of error #2 and #3.

Finding no reversible error, the judgment is affirmed.