Beatrice MILLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42883.

Court of Criminal Appeals of Texas.

May 20, 1970.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James A. Mosley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The appeal is from a conviction for the felony offense of shoplifting, a jury having found appellant guilty and assessed her punishment at 5 years in the penitentiary, and denied her application for probation.

The indictment was drawn under that portion of Art. 1436e, Vernon's Ann.P.C., Section 1, which defines the offense of shoplifting, and Section 4(c) which provides:

"If it be shown upon the trial of a case involving a violation of this Act, where the value of the goods, edible meat or other corporeal personal property is less than Fifty Dollars ($50), that the defendant has two (2) or more times before been convicted of the same offense, regardless of the value of the goods, edible meat or other corporeal personal property involved in the first two (2) convictions, upon the third or any subsequent conviction, the punishment shall be by confinement in the penitentiary for not less than two (2) nor more than ten (10) years."

Three grounds of error are set forth in appellant's brief.

Ground No. 1 complains that the court erred and abused its discretion in failing to declare a mistrial after the jury informed the court it was hopelessly deadlocked on two separate occasions.

The record reflects that the jury retired to deliberate upon the question of guilt at 1:56 P.M.; that at 4:15 P.M. and again at 5:25 P.M. they sent a note to the court that they were deadlocked.

The court was under no duty to declare a mistrial at the time the second note was received. Broadhead v. State, Tex.Cr.App., 414 S.W.2d 931; Glasser v. State, 90 Tex.Cr.R. 116, 233 S.W. 969.

Ground of error No. 2 complains that the court erred in failing to declare a mistrial upon his motion reflected in the following quotation from the record.

"Q. State your name and occupation, sir.

"A. John J. Grisaffi.

"Q. And how are you employed, sir?

"A. As a deputy with the Harris County Sheriff's Department, the jail division.

"Q. I asked you to bring some papers with you. Have you brought those papers?

"A. I have.

"Q. May I have them?

"MR. MOSELEY: Your Honor, may I have a few minutes to look through these?

"MR. GORDON: Your Honor, may I have the jury retire?

"THE COURT: The jury may retire.

(WHEREUPON THE JURY RETIRED FROM THE JURY BOX AND THE FOLLOWING PROCEEDINGS WERE HAD OUT OF THE PRESENCE AND HEARING OF THE JURY.)

"MR. GORDON: May it please the Court, now comes the defendant by and

through her attorney of record and moves for a mistrial for the following reasons: That the witness, Grisaffi, who has been called to the witness stand, and testifies that he was in the jail division of the Sheriff's Office of Harris County, Texas.

"THE COURT: I think he said he was a deputy sheriff of Harris County. All right. Go ahead.

"MR. GORDON: That the prosecution in the presence of the jury asked the witness, Grisaffi, if he had brought —concerning documents that he had asked him to bring. The witness, Grisaffi, then handed to the prosecutor in the presence of the jury a handful of documents, and that the prosecution in relation to those documents, whatever they are, has made remarks and indicate more—incriminating this defendant more than is alleged in the indictment, Your Honor. He has alleged two prior convictions, and the jailer has handed him what looks to be a whole handful of cards, indicating that this defendant is involved with all of these things. She might or might not be. But it is improper in the presence of the jury and it could have been otherwise.

"We ask the Court to grant us a mistrial at this time for the reason that this prosecutor has in an uncalled for manner prejudiced the rights of this defendant in the presence of this jury, sir.

"THE COURT: That's overruled, counsel.

"MR. GORDON: Note our exception, sir."

■ There is nothing save the assertion of counsel in his motion to show any display of cards or papers before the jury.

Ground of error No. 2 is overruled.

■ Ground of error No. 3 complains of the court's instruction to the jury requested by counsel for appellant as a com-

ment on the evidence. No objection was made to the instruction.

The ground of error is without merit.

The judgment is affirmed.