Lonnie SMITH, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43187.

Court of Criminal Appeals of Texas.

Nov. 18, 1970.

Paul W. Leech, Grand Prairie, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., Edgar A. Mason, and W. T. Montgomery, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for rape; the State waived the death penalty and the punishment was assessed by the court at sixty years.

The record reflects that the prosecutrix lived with her husband and baby in a large housing project. On the 25th day of April, 1968, she was using a washing machine in a washateria at the housing project where appellant talked to her, exhibited a gun and forced her outside and raped her. Appellant's defense was alibi.

Prosecutrix testified that she was in the washateria at 11:00 o'clock at night when she noticed a man walk by some three steps away and look in the door. Later she looked up and saw him standing in the door. He walked inside, saw that she was washing diapers and asked if she were married and where she lived. In trying to get appellant to leave she told him her husband who was actually at work would be there in a few minutes to help her wash. He then said, "You know what I want," and "Lay down right here." She begged, telling him that she was married and had a baby and that there were plenty of other girls, "and I just kept talking, you know, trying to stall him." He then told her he would blow her head off, and when she said her husband would be there in a few minutes, appellant stated that he would have to kill him.

She testified that the washateria was well lighted and that appellant was in the washateria from three to five minutes before he forced her to go to a screened trash area where the rape occurred.

Appellant's first complaint is that the court erred in permitting the prosecutrix to identify him in the courtroom over the objection that such identification was tainted because she had seen a photograph of appellant under such conditions so as to make it suggestive.

After the prosecutrix was raped, she reported it to her family and to the police. The next day a policeman showed her four photographs, but she did not recognize any of them as being that of appellant. On May 1, 1968, she recognized a photograph of appellant which was shown to her by a police officer.

Officer T. C. Sewell testified that on the day in question he went to the home of prosecutrix, interviewed her and showed her some three or four photographs. She did not make any identification from these photographs. He further testified that on May 1, 1968, he had a pocket full of photographs and went to the Fines Bureau of Corporation Court where the prosecutrix worked, handed some photographs to her, and she identified appellant immediately. On cross-examination he was asked why the prosecutrix had seen only one picture at the time she made the identification, and he stated, "And unless I took three pictures from my book and handed them to her and his picture was the first one and she didn't see the other two pictures, that would be my only explanation."

At the hearing outside the presence of the jury, the prosecutrix testified that on the day of the rape she saw about four photographs and could not identify appellant from the photographs and that on May 1 the officer handed her a picture and asked if that was the man and she identified appellant in the picture. She did not remember if the officer handed her other photographs or not and she made her identification from the first one he showed her. She was then asked whether the identification in the courtroom was based on a photograph or photographs or what actually happened on the 25th of April, 1968, and she answered, "What actually happened." After hearing the evidence outside the presence of the jury, the court stated, "Overrule the objection that the evidence was tainted."

Later she testified that she based her identity by seeing him in the washateria and by his picture.

The record shows that she gave the officers a description of the man shortly after the rape; there is no showing that the description was incorrect. The record also shows that she identified him at the examining trial. There is no showing that anything at the examining trial caused prosecutrix to make the in-court identification.

In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, the court stated:

"* * * [c]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972–1973 [18 L.Ed.2d 1199], and with decisions of other courts on the question of identification by photograph."

In the present case there is no showing that the exhibition of photographs was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. See Grundstrom v. State, Tex.Cr.App., 456 S.W.2d 92; Thames v. State, Tex.Cr.App., 453 S.W.2d 495, and Bowman v. State, Tex.Cr.App., 446 S.W. 2d 320. No reversible error is shown.

Next appellant contends that the court erred in refusing to submit his requested charge on alibi. The court charged on alibi as follows:

"You are instructed that a defense of alibi is that, if an offense was committed, as alleged, that the defendant was, at the time of the commission thereof, if any, at another and different place from that at which such offense was committed, if it was, and therefore was not and could not have been the person who committed the same, if any.

"Now if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed, if any was committed, at the time of the commission thereof, if any, you will find the defendant not guilty."

This is substantially the same charge as set out in 1 Branch's Ann.P.C.2d, Sec. 75.

The record does not show that appellant ever presented the requested charge to the court, and nothing is presented for review.

There being no reversible error, the judgment is affirmed.