James Johnnie HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 43731.

Court of Criminal Appeals of Texas.

May 19, 1971.

Lopez, Galindo & Davidson by Jerry Davidson, Brownsville, for appellant.

F. T. Graham, Dist. Atty. and Menton Murray, Jr., and A. G. Betancourt, Asst. Dist. Attys., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery with firearms; trial was before a jury and the court assessed the punishment at 25 years.

The appellant and William Derome Buxton were tried jointly. The court found that there was not sufficient evidence to convict Buxton, and instructed the jury to find him "not guilty."

The evidence, viewed most favorably to the jury's verdict, shows that at approximately 8:45 to 9 o'clock in the evening of March 10, 1968, a man armed with a pistol held up the Pace Grocery Store in Brownsville. He pointed his gun at both James Pace and Lee Bucy and said that he would kill them if they did not give him the money. They gave him about $300. The robber was wearing sunglasses and had some type of white, moist cream spread over parts of his face. He ran out of the store as soon as he got the money. Eddie and Dorothy Gonzalez drove up to the store just as the robber fled. He joined another man who was standing outside and they left in a black Chevrolet.

James Pace, owner of the store, Francisco Pedraza, a customer, and Simon Villarreal, the butcher, positively identified the appellant as the robber. Lee Bucy, butcher and clerk, was able to make only a tentative identification.

Maria Hernandez and Ralph Pomeroy testified that the appellant was from Houston and visiting Brownsville on the day in question and staying at a motel there.

The appellant's first ground of error complains of the trial court's refusal to grant a motion to transport the appellant (from the jail to the courtroom) "out of the hearing and presence of any of the State's witnesses." Upon denial of this motion, the court stated into the record that, "The only thing I can do is to caution the marshal to be careful in transporting the prisoners to the jail and not necessarily parade them." He added that, "We have no other facilities to bring them in or out of the courtroom except the regular hallways." In this motion, no mention was made of the jury, only the witnesses.

The appellant's second ground of error complains of the court's denial of his motion for mistrial wherein the appellant claimed that he was brought to the courthouse at a time when all of such witnesses were in the hall, thus suggesting to them that they identify the appellant as the robber.

■ There is nothing in the record to substantiate the appellant's claim that the witnesses viewed the appellant as he was taken into the courthouse or that he was prejudiced.

■ No bills of exception appear in the record and there is nothing in the record to substantiate the claims made in the motion for mistrial. There is no showing in the record of what means were used to transport the appellant. Therefore, nothing is presented for this Court to review. Art. 40.09(6) (b), Vernon's Ann.C.C.P.; Pickel v. State, Tex.Cr.App., 428 S.W.2d 350; Mills v. State, Tex.Cr.App., 455 S.W. 2d 296.

The appellant's third ground of error complains of the denial of another motion for mistrial, which was filed with the court on November 20, 1969, the second day of the trial. The motion stated that on the evening of November 19, 1969, the first day of the trial, one of the local television stations had broadcast a news report with films of the appellant in handcuffs and while in the custody of police officers. The motion states that the news report also revealed that the appellant was then serving a 25-year sentence in a federal penitentiary for bank robbery.

No evidence is presented to show that the jury heard or knew about this broadcast. In fact, other than the motion for mistrial, there is nothing in the record to show that this broadcast ever took place. No bill of exception appears in the record as provided for in Art. 40.09(6) (b) of the Code of Criminal Procedure. See: Pickel v. State, supra; Mills v. State, supra. In view of this, nothing is presented for this Court to review and the ruling of the trial court will be upheld.

The appellant's third ground of error is overruled.

The appellant's fourth and fifth grounds of error challenge the in-court identifications of Pace and Villarreal because both were shown photographs several weeks after the incident. Pace was shown from 7 to 13 photographs. Villarreal was shown approximately 4 photographs. Both testified that they were able to get a good view of the robber and positively identified the appellant. There is no showing that the exhibition of photographs was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Smith v. State, Tex.Cr.App., 459 S.W.2d 642; Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

The appellant's sixth ground of error challenges the sufficiency of the evidence. In view of the positive identifica-

tions of the appellant as the robber who took the money at gunpoint, the evidence is sufficient to support the jury's verdict.

There being no reversible error, the judgment is affirmed.