Lee AMAYA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 44319.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Ronald M. Searcy, Jr., Eugene M. Mc-Elyea, Bryan (on appeal only), for appellant.

D. Brooks Cofer, Jr., Dist. Atty., Bryan, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. After the jury returned the guilty verdict, the court assessed the punishment at eight years.

Joe Rodriguez was the alleged owner of the burglarized building where he operated the business known as Jesse's Place. The sufficiency of the evidence is challenged.

Rodriguez testified that the building was broken into and entered without his consent and his watch was stolen. The appellant was wearing the watch when he was arrested.

Sergeant Maddox of the Bryan Police Department testified that at approximately 1:30 a. m., January 8, 1970, he and Officer Humphus received a burglary call on the 900 block of West 19th Street. They went to the area and saw the appellant staggering as he walked on West 19th Street. It was a cold night, but the appellant was not wearing a coat. Sergeant Maddox talked to the appellant and saw that he was drunk. In the meantime, Maddox noticed some wrenches hanging out of appellant's back pocket and some bulges in a pocket.

Maddox testified that he saw that appellant was wearing a watch which was one shown to have been taken that night from the burglarized building.

He testified that the appellant " . . . had a three-quarters inch open or boxed-in wrench, a pair of pliers, a pair of channel locks, a five and three-quarters inch screw driver, a three and one-half inch screw driver, a white towel, and a red mechanic's hand towel which had two dollars and thirty-five cents in change in it, and he also had two dollars and thirty-one cents in change in his front pocket, and he had a valve core cap."

Maddox identified State's Exhibit No. 2 as a red mechanic's towel and a white hand towel and State's Exhibit No. 3, a bag that contained mostly pennies but a few nickels and quarters, all taken from the appellant. A knife, a Zippo lighter and a screwdriver were found in the possession of the appellant and " . . . there were other items; some of them were returned to their owners."

The officers took the appellant to the police station and about two hours later they checked several buildings downtown and discovered that Jesse's Place at 415 North Bryan Street had been broken into. They also checked Restmeyer's Service Station one and a half blocks down the street from Jesse's Place.

Officer Karonka, while patrolling the area approximately an hour before the burglary at Jesse's Place was discovered, noticed that the service station had been burglarized. He also found that the Fashion Cleaners on North Main Street, about two blocks from Restmeyer's, had a glass broken in the front door. The next morning Officer Maddox checked a complaint at the Hifi Burger.

At this point the court admitted without objection State's Exhibits as follows:

"No. 2 (red mechanic's towel and white hand towel), No. 3 (bag containing pennies and other items), No. 4 (knife), No. 5 (lighter), and No. 6 (screw driver)."

On cross-examination appellant's counsel questioned Officer Maddox in an attempt to show that the appellant was gambling on Main Street or told the officer that he got the money there.

Frank Sikorski testified that he was owner of the Hifi Burger. After he answered that he had been called by the police, appellant's counsel stated, "I object to all of this line of questioning." The objection was overruled. Sikorski then testified that a window had been broken. Some food had been cooked on the grill. Some pennies were taken from the register. A screwdriver and two wrenches were missing. The tools were returned to him by Detective Chavarria two days later. (Chavarria was on vacation at the time of the trial.)

August Restmeyer testified without objection that his service station located at 600 North Bryan was entered sometime after midnight on the night of the 8th of January and some pennies were missing and that State's Exhibit No. 2 (the red mechanic's rag) was the type they used and that they kept several valve caps or cores like State's Exhibit No. 3 in a drawer.

At the penalty stage of the trial, the State proved that appellant had been convicted twice for burglary and once for misdemeanor theft.

The appellant in support of his application for probation testified that he could stay out of trouble and that he was planning to get married.

On cross-examination he admitted that he had one other prior conviction for burglary in addition to the others offered by the State. He did not remember if he had been out of confinement two or three months or longer before committing this (the present) offense.

■ The first contention is that the evidence is insufficient to support the convic-

tion. The unexplained possession of recently stolen property shown to have been taken in a burglary is sufficient to support the conviction. See 4 Branch's Ann.P.C. 2d, Section 2537, page 869. The appellant was wearing the stolen watch shortly after the burglary. The jury had sufficient evidence to conclude that appellant committed the burglary.

Next, it is contended that the "[T]rial court erred in admitting evidence of extraneous offenses not related to the offense charged."

In 4 Branch's Ann.P.C.2d, Section 2538, page 870, is found:

"Proof of other offenses is admissible if such proof is a part of the res gestae of the alleged offense for which defendant is being tried, or if it tends to show intent when intent is an issue, or serves to prove identity when identity is an issue, or when it is sought to show the guilt of defendant by circumstantial evidence and such proof of another offense connects or tends to connect the defendant with the alleged offense for which he is being tried, or when it tends to defeat the defensive theory."

The conviction in this case was based upon circumstantial evidence. It was shown that items taken from at least one of the other burglaries were in the possession of the appellant at the time he was arrested. This proof placed the appellant in the proximity of Jesse's Place the night in question.

The proof rebuts the contention that the appellant was so intoxicated that he could not form an intent to burglarize Jesse's Place.

Further, most of the testimony concerning the other offenses was not objected to. The appellant objected when Officer Maddox testified that Restmeyer's was a block and a half from Jesse's Place on the grounds it had no bearing in this case. The testimony about the burglary of Fashion Cleaners came in without objection.

"Generally an error in the conduct of the trial must be objected to at the time of commission; otherwise the error may not be asserted on appeal." 5 Tex.Jur.2d, Appeal and Error, Criminal, Section 35, page 36. The Legislature recognized the rule that there must be an objection during the trial when it adopted Article 40.09, Section 6(d), Subsections (2) and (3), Vernon's Ann.C.C.P. In Mason v. State, 459 S.W.2d 855, we said:

"If the rule were otherwise counsel for an accused could hope for a favorable answer from a witness, and if it did not turn out that way, he could wait and take advantage of an unfavorable answer or other conduct during the trial on appeal. Objections when timely made often give the trial court an opportunity to instruct the jury relative to the matter complained of and to grant a mistrial to prevent the time consuming and costly appeals and perhaps a new trial. See 24 C.J.S. Criminal Law § 1699, [1669] p. 1055."

Later, August Restmeyer testified about the burglary of his building without an objection. Frank Sikorski testified that the tools taken from the burglary of the Hifi Burger were returned to him by Officer Chavarria.

If the admission of any of the evidence was improper, it is the general rule that such does not constitute reversible error if the same facts were proved by other testimony which was not objected to. 5 Tex. Jur.2d, Section 446, p. 704. See Hoover v. State, Tex.Cr.App., 449 S.W.2d 60; Hart v. State, Tex.Cr.App., 447 S.W.2d 944; Cruz v. State, 170 Tex.Cr.R. 611, 343 S.W.2d 457, and Texas Digest, Criminal Law,

No reversible error has been shown. The judgment is affirmed.