**Robert William JEFFERSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45815.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Ray Epps, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Warren White, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. Punishment was assessed by the jury at ten years.

Appellant contends that the court erred when it refused to grant a mistrial when a witness volunteered a hearsay statement that was so harmful as to deny him a fair trial.

The record reflects that Delbert McHenry and the deceased had been to a party in Houston on the night of August 26, 1969. When they returned to the home of the deceased on West Dallas Street during the early morning hours of August 27, appellant was waiting there. According to McHenry, an argument started between appellant and deceased. Appellant told McHenry to leave, and appellant walked or dragged the deceased around the house; that McHenry saw what looked like the "imprint" of a gun in appellant's pocket and, as he was returning to his car, he heard shots which prompted him to call the police. Appellant took the stand and testified that he did not have a gun at the time in question; that he had been going with the deceased and wanted to see her before she left Houston for New York on August 27th. According to appellant, he hit deceased during the course of an argument, and the deceased pulled a pistol from her purse; that the pistol discharged during the struggle that followed, and the bullet therefrom hit the deceased. Appellant testified that he did not take the pistol when he left the scene. The deceased was carried to Ben Taub Hospital on the morning of August 27 and, according to Dr. Giles Green, Assistant Medical Examiner for Harris County, the deceased died on September 5, 1969, as the result of gunshot wounds.

Tom Scott testified that he was at a donut shop on West Dallas Street about 4:30 or 5:00 o'clock on the morning of August 27, when appellant tried to call a taxi, and Scott agreed to drive appellant home for "gas money." It was during the testimony of Scott that the volunteered statements were made which give rise to appellant's contention.

"Q. Did you notice anything unusual about anything that he might have had in his possession, in his belt or anything?

"A. Well, when he got in the car another man called me back and said, 'You taking off with that fellow.'

"Mr. Cutler:" (appellant's counsel) "Object to what this man may have told him.

"The Court: Sustained.

"Q. Without saying what someone else told you, they called you back?

"A. Let me tell you when I noticed. I said a man called me back, said, 'Come here. Let me tell you—'

"Mr. Cutler: We object.

"The Court: Sustained.

"Q. I don't believe he is going to testify.

"A. He said, 'That man has a gun, a pistol.'

"The Court: Don't say what someone else said. The Court ruled on that twice. Don't say that again.

"A. Someone told me that guy's got a gun, a pistol."

At this juncture, counsel for appellant made a motion for mistrial and, before the court could rule on same, the witness volunteered, "Well, he had blood on him." Counsel for appellant again moved for a mistrial. The motion was overruled by the court, and the jury was instructed to disregard the statement made by the witness. Scott then testified, without objection, that he saw a pistol on appellant. Scott was thoroughly cross-examined by appellant as to whether he saw a gun on appellant or whether he saw a bulge and imagined it was a pistol. Scott did not waiver in his testimony that he actually saw a pistol on appellant and, in response to cross-examination, stated that the color of the pistol was black.

In Amaya v. State, Tex.Cr.App., 473 S.W.2d 476, it was stated:

"If the admission of any of the evidence was improper, it is the general rule that such does not constitute reversible error if the same facts were proved by other testimony which was not objected to. 5

Tex.Jur.2d, Section 446, p. 704. See Hoover v. State, Tex.Cr.App., 449 S.W.2d 60; Hart v. State, Tex.Cr.App., 447 S.W.2d 944; Cruz v. State, 170 Tex.Cr.R. 611, 343 S.W.2d 457, and Texas Digest, Criminal Law, "

In the instant case, the volunteered hearsay statement does not require reversal since the same fact was proved without objection on both direct and cross-examination of the witness Scott.

 Appellant contends that the court erred when it did not grant a mistrial after counsel for the State by actions and statements conveyed to the jury that appellant had been indicted for extraneous offenses.

The record reflects the following occurred during cross-examination of appellant.

"Q. —You had that pistol with you all along and you were going to kill her because she was leaving town the next day?

"A. I never had a pistol. I never owned a pistol, never. The pistol evidently was in her purse. This is where it came from.

"Q. You've never possessed a pistol?

"A. Never."

Counsel for the State then asked appellant whether he possessed a pistol on a number of different dates.

Appellant moved for a mistrial, said motion alleging that the court had granted a motion in limine prohibiting the State from offering evidence concerning four cases of robbery pending against appellant, and that while the State was cross-examining appellant about possessing a pistol, counsel for the State began to open files and exhibit indictments, "which are the same and look just like the indictments that are read to the jury at the beginning of the case." The court, in overruling the motion for mistrial, noted that it was unaware of counsel displaying any matters to the jury.

There is nothing save the assertion of counsel in his motion to show any display of indictments or papers before the jury. Mills v. State, Tex.Cr.App., 455 S.W.2d 296. See Hall v. State, Tex.Cr.App., 466 S.W.2d 762; Pickle v. State, Tex.Cr.App., 428 S.W.2d 350.

No error is shown.

The judgment is affirmed.

Opinion approved by the Court.

ODOM, J., not participating.