**Larry Edward KIME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47481.**

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

---

1. See Art. 1408, Vernon's Ann.P.C.

---

Jess Holloway, Abilene, for appellant.

Ed Paynter, Dist. Atty., Glenn Heatherly, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a conviction for robbery by assault. The jury assessed punishment at seven (7) years upon appellant's plea of guilty and refused appellan's application for probation.

In his first ground of error appellant contends the trial court erred in admitting evidence of an extraneous offense at the punishment phase of the trial. The trial court admitted testimony, over appellant's belated objection, concerning appellant's prior use of heroin. The error, if any, was cured when appellant, his mother, and a friend all testified to substantially the same thing on direct examination by appellant's counsel. Younger v. State, Tex.Cr.App., 457 S.W.2d 67; Smith v. State, Tex.Cr.App., 437 S.W.2d 835; Butler v. State, 171 Tex.Cr.R. 529, 352 S.W.2d 744.

In appellant's second ground of error he complains of the trial court's action in failing to grant a mistrial when the jury reported it was hopelessly deadlocked. The jury had deliberated for three hours.

In Mills v. State, Tex.Cr.App., 455 S.W.2d 296, this Court held that the trial Court was under no duty to declare a mistrial where the jury indicated that they were deadlocked after having deliberated for approximately three hours. See also Holman v. State, Tex.Cr.App., 474 S.W.2d 247.

Finally, appellant contends that the jurors were allowed to make telephone calls which were error and helped coerce a verdict. The record does not reflect that any telephone calls were made.

The judgment is affirmed.