Sylvia Faye MEEK, Appellant,

v.

The STATE of Texas, State.

No. 2-81-050-CR.

Court of Appeals of Texas, Fort Worth.

March 10, 1982.

Rehearing Denied March 10, 1982.

Discretionary Review Refused June 2, 1982.

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Fort Worth, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of murder. Punishment was assessed by the jury at ten years confinement, probated.

We affirm the judgment of the trial court.

Although the sufficiency of the evidence is not in dispute, we outline briefly the facts of the case. The appellant, Sylvia Faye Meek, owned and operated a licensed security agency. She employed the decedent, Louis Smart, as a polygraph examiner in 1976. In 1977 the two changed their employment agreement. Among the changes, it was agreed that the polygraph instrument, owned by appellant and furnished to the decedent, would be sold to the decedent. Two months later the decedent left the appellant's business and set up a competing polygraph business across the street from appellant. Appellant testified, that at the time of dissolution of the business relationship between the decedent and the appellant, appellant's company still owned the polygraph machine which she had agreed to sell to the decedent. A running dispute commenced over the ownership of the machine. On the morning of December 13, 1977, the decedent entered appellant's office, cut the wires to the machine and removed it to his office across the street. The appellant, after arrival at her office a short time later, went to the decedent's office and shot him to death.

By her first two grounds of error, appellant contends that the trial court committed reversible error in overruling her objections to certain portions of the prosecutor's argument to the jury at the guilt or innocence stage of the trial. That portion of the argument objected to is as follows:

"MR. BUCKNER (PROSECUTOR): Don't you know that if they had one single person in this county or in this state or anywhere to say, she is a good person with good reputation and character, that they would have?

MR. HAYNES: Excuse me, if the Court please. Counsel is making improper argument and we object. May we have an instruction from the Court to the Jury to disregard the remarks?

THE COURT: Overruled.

MR. BUCKNER: They could have done that if they wanted to. I would have gotten to ask questions, how do you know? Have you heard about any other stuff?

MR. HAYNES: We renew the objection, if the Court please. This line of argument is impermissible.

THE COURT: Overruled."

The appellant's objections that the argument was "improper" and "impermissible" were insufficient in that they were only general objections. *DeRusse v. State*, 579 S.W.2d 224 (Tex.Cr.App.1979); *Patterson v. State*, 509 S.W.2d 857 (Tex.Cr.App.

1974). Objections of this nature do not apprise the trial court of the grounds upon which they are based. *Earnhart v. State,* 582 S.W.2d 444 (Tex.Cr.App.1979). The objections failed to preserve the alleged error and nothing is presented for review. *Earnhart v. State, supra; Whittington v. State,* 580 S.W.2d 845 (Tex.Cr.App.1979). Appellant's grounds of error one and two are overruled.

Ground of error three also relates to the prosecution's jury argument. The argument and appellant's objections are reflected by the sequence below:

"MR. BUCKNER: I put on witnesses that said she has got a bad reputation for being a peaceable and law-abiding citizen. That is all I can ask them. Mr. Haynes could have asked them ___

MR. HAYNES: Excuse me, if the Court please. We object. Counsel is outside the law. We object to his impermissible and improper argument.

THE COURT: Outisde (sic) the law?

MR. HAYNES: Yes, Your Honor, it is. It is improper argument.

THE COURT: I will sustain the objection.

MR. BUCKNER: There were no questions asked as to how those witnesses knew of that reputation.

MR. HAYNES: It is improper and offends the previous ruling of the Court and the law and we object.

THE COURT: Overruled."

■ The objections presented here are no more specific than were the ones discussed under grounds of error one and two. Appellant asserts, however, that since the trial court sustained the first objection, it necessarily was aware of the specific grounds therefor. The second objection, it is argued, incorporated the grounds implied by the sustaining of the first objection, and thus the objection was adequate to preserve the alleged error. We disagree. The general objection based on the prior objection was not specific enough to inform the trial court why such argument was objectionable. No error was preserved. *Quinones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980).

■ Assuming, however, that the objection had been adequate, no reversible error exists. An argument may be improper, but it will not constitute reversible error unless, "(1) the argument is manifestly improper, harmful and prejudicial, or (2) it is violative of a statute or, (3) it injects a new and harmful fact into the case." *Magee v. State,* 504 S.W.2d 849, 851 (Tex.Cr.App. 1974); *Thompson v. State,* 480 S.W.2d 624, 630 (Tex.Cr.App.1972). None of the above elements is injected into the trial by the argument. In *Mims v. State,* 466 S.W.2d 317, 318 (Tex.Cr.App.1971), it was held: "While it is never proper for a prosecutor to imply to the jury that he knows more about the accused than the jury has been told, we do not conclude that the error is reversible under the circumstances presented. While such an argument was improper, no statute was violated and no new and harmful fact was injected in the case." Appellant's third ground of error is overruled.

■ Next, appellant complains that the trial court erred in failing to include all of the proceedings as part of the record on appeal. She also cites as reversible error the trial court's failure to conduct a hearing on her objections to the record. Appellant filed objections to the record pursuant to Vernon's Ann.C.C.P. (1979) art. 40.09(7). By her objections, appellant contended that proceedings relative to her amended motion for new trial had been both partially and completely omitted. On the dates of the proceedings in question the statutory time had expired for the trial court to rule on the motion so that it was overruled by operation of law. The transcript contains the objections to the record and an affidavit stating that appellant had requested and was refused an opportunity to make a bill of exceptions following the overruling of her motion for new trial and her sentencing. However, the record is completely devoid of any attempt to preserve the error now asserted by use of a bill of exceptions or a bystander's bill in lieu thereof. Without out a showing in the record as to what the appellant expected to prove at the desired

hearing or of any prejudice resulting from the alleged omissions in the record, error is not preserved. Nothing is before us for review. *Hall v. State*, 466 S.W.2d 762 (Tex. Cr.App.1971).

 The sixth ground of error urges that the trial court erred in refusing to conduct a hearing on appellant's amended motion for new trial. Appellant filed her amended motion for new trial on September 11, 1978. At the sentencing on November 20, 1978, the trial court stated that the motion was overruled as a matter of law because the time for consideration thereof had expired. Appellant complains that she was prevented from having a timely hearing on her motion for new trial because of the unavailability of the trial judge. This contention is without merit. When the trial judge is unavailable, one seeking a new trial is not precluded from having a different qualified judge conduct a hearing on the motion. *Woods v. State*, 569 S.W.2d 901 (Tex.Cr.App.1978). The critical inquiry is not whether the trial judge conducts the hearing on the motion, but rather that such hearing is held and a ruling procured before the mandatory time limit has expired. At the time in question, a motion for new trial not acted upon within 20 days was overruled by operation of law. Vernon's Ann.C. C.P. art. 40.05. Any action on the motion by the trial court after this time expired would have constituted a nullity. *Zaragosa v. State*, 588 S.W.2d 322 (Tex.Cr.App.1979). There was no error in the refusal of the trial court to conduct a hearing on the motion overruled as a matter of law. Accordingly, ground of error six is overruled. Ground of error twelve, which cites as error the trial court's refusal to grant the motion for new trial, is also overruled on the basis of the authorities cited above.

 Appellant's seventh ground of error relates to the trial court's statement to defense counsel, during voir dire and in the presence of the jury: "You'll ask questions and not just stand up here and make a jury speech which is what you've been doing." An admonishment to counsel by the court is permissible, even in the presence of the jury, when necessary to preserve the orderly administration of the trial. *Rodriguez v. State*, 552 S.W.2d 451 (Tex.Cr.App.1977); *Duran v. State*, 505 S.W.2d 863 (Tex.Cr. App.1974). The comment in question was within the discretion of the trial court and did not prejudice the appellant. Ground of error seven is overruled.

 Next, appellant complains that the trial court erred in overruling her objection to the prosecutor's statement during voir dire that the State had no opportunity to appeal. This was a correct statement of the law. The prosecutor did not dwell on this fact. Appellant has shown no-prejudice that resulted to deprive her of a fair trial. Error, if any, was harmless. Moreover, the objection was couched in such general terms, that the error, if any, is not preserved for review. *DeRusse v. State, supra*. Ground of error eight is overruled.

 By her ninth ground of error, the appellant contends that it was error to permit the prosecution to elicit testimony, over her objection, that appellant's demeanor was "cold" and "mean". The decedent's daughter, who was present at the scene of the shooting, gave the testimony in question. The Court of Criminal Appeals "has consistently held that when a lay opinion as to the mental attitude or emotional state of an accused is the mere shorthand rendering of the facts, the opinion is admissible as indicative of demeanor, subject to cross-examination as to the facts upon which it is based." *May v. State*, 618 S.W.2d 333, 341 (Tex.Cr.App.1981). Ground of error nine is overruled.

 Appellant's tenth ground of error stresses that it was error to allow a police officer to testify, that as a result of the homicide, appellant was arrested for capital murder. The officers at the scene saw the appellant with property taken from the decedent's office. The appellant then admitted shooting the decedent. From the circumstances, the officers could infer that appellant had killed the deceased during the commission of a felony, i.e. robbery, which is a capital offense. V.A.T.C., Penal, Sec.

19.03(a)(2) (1974). Although appellant was not charged with capital murder, she was arrested on that basis. The State is entitled to show the relevant facts and circumstances surrounding the arrest. *Williams v. State*, 535 S.W.2d 637 (Tex.Cr.App.1976). The determination of relevance is within the sound discretion of the trial court and will not be disturbed unless a clear abuse of discretion is shown. *Williams v. State, supra; Hernandez v. State*, 484 S.W.2d 754 (Tex.Cr.App.1972). No abuse of discretion has been shown. The tenth ground of error is overruled.

█ Finally, appellant complains that the trial court erred in overruling her objection to the prosecutor's argument to the jury that when a claim of self defense is asserted in a murder case there are "slim odds of getting convicted and that is not fair. That is cold." During appellant's final argument her claim of self defense was repeatedly stressed. The prosecutor's statement was merely an answer to argument of opposing counsel and a plea for law enforcement. This is clearly within the perameters of proper jury argument. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App. 1973). Appellant's eleventh ground of error is overruled.

Appellant has shown no reversible error in the trial of this case, in which both sides were vigorously and capably represented. All of appellant's grounds of error are overruled and the judgment of the trial court is affirmed.