**Shedrick Glenn WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0254–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 16, 1984.

Allen Isbell, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before WARREN, BASS and COHEN, JJ.

## OPINION

BASS, Justice.

Appellant was indicted for burglary of a habitation, enhanced by one prior felony conviction. Trial was to a jury and the court assessed punishment at eighteen years confinement.

The judgment is reversed and case is remanded for a new trial.

The complainant testified that he returned home at noon on November 16, 1981, and found the door to his apartment slightly ajar. As he entered the apartment he saw two men inside who identified themselves as building inspectors. The complainant noticed that his television set had been moved into his living room. He testified that he was able to observe the men for approximately 20 to 30 seconds before one of the men pushed by the complainant and ran outside. The complainant ran after him but was unable to overtake the suspect. A young man in a van observed the chase and after seeing the complainant stop, he drove over and asked if he could render assistance. The complainant told him he had been robbed and asked him to follow the suspect. The observer left, but returned sometime later and told the complainant that he had observed the man get inside a blue Cadillac. He then gave the complainant the license number of the car and drove away. The complainant then went inside the office to summon the police. He did not get the observer's name, and the observer did not testify at trial.

Officer M.E. Williams testified that the complainant gave him the license number and description of the Cadillac and he placed it in the police computer.

Three days later, Officer Angellucci was on patrol duty when he heard a radio broadcast concerning a Cadillac which had been involved in a disturbance. He later observed a Cadillac matching the description, ran a check on the license plate, and was informed that this license number belonged to a car which had been involved in a burglary. Later, when he saw the same Cadillac, he stopped it and arrested appellant.

The complainant identified appellant out of a police line-up as one of the intruders he had seen in his apartment. However, the officer who composed the line-up admitted he was unable to find other members who were of the approximate height and weight of appellant. The appellant wore no shoes or shirt, had short cropped hair, a beard, and was six feet, six inches tall. All the other members of the line-up were fully dressed, clean shaven, had long, full, afro-style hair cuts, and were between five feet, six and six feet, one inch tall.

Appellant asserts the trial court erred in admitting hearsay testimony from the unknown person who complainant claimed gave him the license plate number and description of the getaway car. The complainant was allowed, over proper objection, to present the following testimony:

Q. Did that man in the van ever come back?

A. Yes, he returned to the apartment and gave me a license number of a blue cadillac that *he said he got a license number of a blue cadillac that allegedly Mr. Williams got in* (emphasis supplied).

MR. HERBERT: I object on the grounds of hearsay.

THE COURT: Overruled.

Officer Williams also testified, over objection, to the same information.

In *Myre v. State,* 545 S.W.2d 820, 826 (Tex.Cr.App.1977), the court found that this type of evidence was indeed hearsay and should not have been admitted at trial.

■ However, in *Myre,* that court concluded that the overwhelming evidence of appellant's guilt, i.e., a confession, physical evidence linking appellant to the offense, and an eyewitness identification, rendered the error harmless. Hearsay evidence is not harmless when it seriously impinges on an important part of an appellant's defensive testimony. *Hayter v. State,* 541 S.W.2d 435 (Tex.Cr.App.1976).

In the case at bar appellant asserted the defense of alibi. In support of his defense he offered the testimony of Ken Merwin, a local businessman. Mr. Merwin testified that on November 16, 1981, he had eaten lunch with appellant at Gallagher's restaurant on the Southwest Freeway. He stated that the lunch lasted from 11:30 a.m. until 1:00 p.m.; the offense was committed at noon.

■ Therefore, absent the inadmissible hearsay evidence, the jury would have had to chose between an identification made by the complainant, after simultaneously observing the appellant and another man inside his apartment for 20–30 seconds, and the testimony of a businessman who stated he ate lunch with appellant during the time of the offense. Certainly this inadmissible evidence bolstered the complainant's otherwise questionable identification. In fact, the State during closing argument told the jury that the complainant identified a man who had been seen fleeing from the scene.

Therefore, the defense of alibi was impinged by the inadmissible evidence which would have led the jury to believe that an unknown witness also saw appellant at the scene and observed him get into a Cadillac with this license number.

■ The State suggests that the admission of the hearsay testimony was rendered harmless inasmuch as substantially the same facts were proven by other testimony which was not objected to by the appellant. *Amaya v. State*, 473 S.W.2d 476 (Tex.Cr. App.1971); *Brown v. State*, 640 S.W.2d 275 (Tex.Cr.App.1982). The testimony by Officer Angellucci, regarding the license number, was as follows:

Q. How did you happen to make contact with this defendant?

A. I had gone to work at 10:00 p.m. that evening and I was on regular night patrol in my district and as I was driving down Dowling Street we came upon a vehicle, a Cadillac, that had been involved in a disturbance earlier that evening at Blodgett and San Jacinto Street. It fit the discription of a vehicle that was involved in a distur-

bance at Blodgett and San Jacinto Street earlier that evening.

Q. Okay. When you saw this car did it have a license number? Well, what was the license number then?

A. License number was XND 849.

Q. Did you do anything with that license number?

A. Yes, sir, at that time. Because the vehicle fit the description of the disturbance earlier that evening.

We had computers set up in the police room. We called in on what they call a stolen and warrant check.

Q. Okay. Did you get a response with regards to this particular vehicle?

A. Yes, sir. After checking on the computer the dispatcher said the vehicle had come back wanted in a burglary that occurred on—

I don't remember the date. I believe it was November 16th. (the date of the offense in this case.)

The only objectionable answer in the above testimony was when Officer Angellucci testified, in an unresponsive answer, that the dispatcher told him that a vehicle with appellant's license number was wanted in a burglary which occurred on November 16, 1981. Although this testimony concerned some of the same facts as the complainant's objectionable statement, it linked only the car, not the appellant, to the commission of a burglary.

In *Myre v. State, supra,* the court dealt with almost identical facts and stated the test for harm was as follows:

A judgment will not be reversed for error in the admission of evidence that did not injure the appellant. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. *Cunningham v. State*, 500 S.W.2d 820 (Tex. Cr.App.1973).

See also *Brown v. State*, 640 S.W.2d 275 (Tex.Cr.App.1982).

The testimony of Officer Angellucci that the dispatcher informed him that the appel-

lant's license number XND 849 was involved in a burglary which occurred on November 16, was hearsay upon hearsay and attempted to connect the appellant to the commission of the offense. However, absent the inadmissible hearsay testimony from the missing witness, linking appellant and his car to this offense, this evidence would have been far less damaging. It was not merely a repetition of the missing witness's testimony since it linked only the car, not appellant, to the commission of this offense.

We hold that the inadmissible hearsay testimony seriously impinged on appellant's defensive theory of alibi inasmuch as it provided an irrebuttable link between himself and the commission of this offense. This harm was further heightened by the State's argument at closing which told the jury to use this "hearsay" evidence for that very purpose.

The appellant's sole ground of error is sustained.

The judgment is reversed and the cause is remanded for a new trial.