# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00230-CR**
**NO. 09-13-00231-CR**

_____

**MASON SCOTT BLACK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 12-14164 and 12-14166**

_____

**MEMORANDUM OPINION**

Pursuant to plea bargain agreements, appellant Mason Scott Black pleaded guilty to two charges of deadly conduct. In both cases, the trial court found the evidence sufficient to find Black guilty, but deferred further proceedings, placed Black on community supervision for three years, and assessed a fine of $500. The State subsequently filed a motion to revoke Black's unadjudicated community supervision in both cases. Black pleaded "true" to one violation of the conditions

1

of his community supervision in each case. In both cases, the trial court found that Black had violated the conditions of his community supervision, found Black guilty of deadly conduct, assessed punishment at eight years of confinement, ordered that the sentences would run concurrently, and signed judgments adjudicating guilt and pronouncing sentence on May 6, 2013.

Black's appellate counsel filed a brief in both cases that presents counsel's professional evaluation of the records and concludes the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On June 13, 2013, we granted an extension of time for appellant to file a *pro se* brief in each case. We received no *pro se* response to the *Anders* brief from Black.

On September 26, 2013, after these appeals were submitted to this Court, Black filed a motion to dismiss the appeals, in which he asserted that the trial court had granted his motion for new trial in both cases. The trial court's orders granting new trial and vacating its judgment and sentence in both cases have been filed with this Court in supplemental clerk's records. On August 5, 2013, in both cases, the trial judge signed orders in which the trial judge purported to vacate its prior judgments and sentences, grant Black's motions for new trial, and reinstate Black's community supervision. On October 21, 2013, Black filed motions to withdraw his

motions to dismiss, in which he asserted that dismissal of the appeals would "not serve [Black's] best legal interests[,]" and that dismissal "will have an adverse [e]ffect upon the Appellant's legal rights and will actually harm those rights."

Texas Rule of Appellate Procedure 21.8 "allocates seventy-five days following the imposition of the sentence in open court for the trial court to rule on the motion [for new trial]; if the motion is not timely ruled on within that period, the authority to grant the motion expires, and the motion is deemed denied by operation of law." *State v. Holloway*, 360 S.W.3d 480, 485 (Tex. Crim. App. 2012); *see also* Tex. R. App. P. 21.8(a), (c). The Court of Criminal Appeals has explicitly held that Texas Rule of Civil Procedure 329b(e), which provides trial courts with an additional thirty days of plenary power after the seventy-five-day period has expired and a motion for new trial has been overruled by operation of law, does not apply to criminal cases. *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987); *see also* Tex. R. Civ. P. 329b(e).

As previously discussed, the trial judge signed the orders adjudicating Black's guilt and imposing sentence on May 6, 2013; therefore, the trial judge's plenary power expired on July 22, 2013, seventy-five days from the date he signed these orders. *See* Tex. R. App. P. 21.8(a); *see also* Tex. R. App. P. 4.1(a) (If the last day of a time period falls on a Saturday, Sunday, or legal holiday, the period

extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.). The trial judge signed its orders purporting to grant Black's motion for new trial on August 5, 2013. Because the trial judge in the cases at bar did not sign a written order granting Black's motion for new trial within seventy-five days after sentence was imposed, the motions for new trial were overruled by operation of law. *See* Tex. R. App. P. 21.8(a), (c); *see also Holloway*, 360 S.W.3d at 485.

> Where the time in which to rule upon a motion for new trial has expired and the defendant's motion for new trial has been overruled by operation of law, the trial court lacks authority to subsequently grant a new trial. Any action on the motion by the trial court after this time expired is a nullity.

*Bacey v. State*, 990 S.W.2d 319, 336 (Tex. App.—Texarkana 1999, pet. ref'd); *see also Meek v. State*, 628 S.W.2d 543, 547 (Tex. App.—Fort Worth 1982, pet. ref'd). Accordingly, the trial court's orders of August 5, 2013, are nullities, and the operative judgments are the trial court's aforementioned judgments of May 6, 2013, which adjudicated Black guilty and imposed sentences of eight years of confinement. *See Holloway*, 360 S.W.3d at 485; *Meek*, 628 S.W.2d at 547; *see also* Tex. R. App. P. 21.8(a), (c).

We have reviewed the appellate records, and we agree with counsel's conclusion that no arguable issues support these appeals. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Compare*

4

*Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, we note in both cases, that page two of the judgment references a fine, but page one does not. The State filed a letter in which it conceded that the judgments arguably contained a fine which had not been orally pronounced, and the State filed a motion for entry of judgment *nunc pro tunc* with the trial court in both cases. However, the trial court did not act on the State's motions.

This Court has the authority to modify the trial court's judgments to correct a clerical error. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Therefore, we delete the following language from page two of the judgments: "The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above." We substitute the following language in its place: "The Court ORDERS Defendant punished as indicated on page 1. The Court ORDERS Defendant to pay court costs and restitution as indicated on page 1." We affirm the trial court's judgments as modified.[1]

---

[1]Appellant may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on September 16, 2013
Opinion Delivered November 13, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.