## LEONARD DICKERSON V. STATE.

No. 25114. January 31, 1951.
Rehearing Denied April 11, 1951.

*J. Ray Martin,* Snyder, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of the offense of sodomy and awarded a penalty of seven years in the state penitentiary.

The facts show that by means of using his mouth on the sexual parts of a 13-years-old boy, appellant had carnal copulation with such boy.

The evidence shows that on the day in question the appellant offered to show this boy some recently born puppies in a trailer house where appellant was living some short distance from where the boy lived. At such time the boy and his cousin, a 22-year-old woman, were sitting on the side of an empty swimming pool about 75 yards from appellant's house, where they were reading a "funny book." Upon appellant's invitation to both of them, the woman declined, but the boy accepted the invitation to go look at the puppies. The boy entered the trailer, sat down on the bed and began looking and playing with the puppies. Appellant disrobed himself, pushed the boy down on the bed and attempted to cause him to fondle appellant's private organ, which the boy refused to do. Appellant then unbuttoned the boy's trousers and took his male organ in his (appellant's) mouth. The boy claimed to be frightened, and in a short time slid off the bed and ran away, leaving appellant playing with his own male organ.

There is only one question of importance offered herein and that relates to certain statements later made by the boy as to what took place in the trailer house with appellant.

All four bills of exception herein are in an improper form, all of them being based upon one heading and containing many propositions, partially in question and answer form, and all being under one heading, which is shown in Bill No. 1. The appellant, with a sub-head of Bill No. 2, then set forth a mere continuation of what was complained of in Bill No. 1, with further testimony of the boy. Then, again, under the heading of Bill No. 3, there is set forth the complaint of testimony of the

boy's mother, with no separate heading, this bill occupying about a page, the major portion thereof being in question and answer form without any certificate of the trial judge authorizing such. Again, with no separate heading, Bill No. 4 sets out in question and answer form much of the boy's testimony herein, together with running objections thereto; and again, therein is set forth the objection to the testimony of the woman cousin of the boy, containing many objections thereto, being more than a page thereof. Finally, the trial court signs one approval for this four-purpose bill, making no statement relative to the question and answer phase thereof.

This bill is multiplicitous and also multifarious, as well as duplicitous and difficult to understand, but we do gather therefrom that the appellant was displeased with the court's ruling in admitting under the rule of res gestae what the boy told his cousin, and also the fact that he told his mother something as to this occurrence, but just what he told the mother is not shown. These bills will not be considered.

The facts do show that appellant and the boy were gone only about fifteen minutes from the sight of this woman cousin; that the boy came from the trailer house of appellant in about four minutes after this complained of occurrence; that he was pale and shaking and excited; that he immediately told this woman what had occurred. We hold this to be res gestae of such occurrence and admissible as such. Res gestae overrides the rules of hearsay and secondary evidence and becomes itself the thing speaking, and as such, is direct testimony. This woman was about 75 yards away from appellant's trailer house. She saw appellant and the boy go towards the house, and in about 10 or 15 minutes the boy came out of the house to her; that he was scared and shaking and told her what he said had occurred. This is clearly res gestae of the transaction. See Branch's Criminal Law, p. 197, section 339, et seq. See also Glover v. State, 126 Tex. Cr. R. 56, 70 S.W. (2d) 155. The trial court, in an excess of caution, submitted to the jury the question of the accompliceship of this boy, although we find no basical reason therefor.

We are indebted to counsel for a learned and ingenuous brief herein, but we see no error evidenced by the record.

The judgment is accordingly affirmed.

OPINION ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant vigorously urges this court to consider his Bills of Exception Nos. 1-4 and insists that Bill of Exception No. 3 contained in said instrument reflects error.

There are two fundamental defects apparent in this document:

1. It is an effort to incorporate in one instrument with one certificate four separate and distinct bills of exception. A very similar instrument was held by this court in Field v. State, 155 Texas Crim. Rep. 137, 232 S.W. 2d 717, to be multifarious.

2. Parts of this instrument appear in question and answer form without a certificate from the judge that, in his opinion, such form was necessary. This character of bill cannot be considered; Texas Digest, Criminal Law, 1091 (11).

Appellant suggests that this court treat as surplusage much of the evidence in question and answer form found in his purported Bill of Exception No. 3 and center our attention on one question and answer found therein. In order to do this, we would be required to overlook the many prior decisions and the applicable statutes which provide that a bill of exception shall contain "so much of the evidence as may be necessary to explain, *and no more.*"

Out of deference to counsel's scholarly presentation before this court, we will discuss the possibility of injury to him by the question:

"Mrs. Briggs, did Billy Gene, your son, report to you any incident that had occurred that afternoon between him and the defendant, Leonard Dickerson?"

And the answer:

"Yes, sir."

Appellant contends this report was made some two and one half hours after the crime was committed and, therefore, was not a res gestae statement and does not fall within either of the other two theories of admissibility which exist in such cases. Mrs. Briggs was not the only person to whom the injured party had reported the attack. Had she been, a more serious question would have been presented here. The record in this case reflects, however, that immediately upon escaping from appellant, the

injured party came to Mrs. Jean Oliver, his cousin, and "did report an incident to me that had occurred between him and the defendant." This was clearly res gestae and admissible. This was practically the same information placed in evidence by Mrs. Briggs. This being the situation, we are not impressed with the possibility of injury to appellant.

Appellant's motion for rehearing is overruled.