**Erasmo SALINAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35085.**

Court of Criminal Appeals of Texas.

Nov. 28, 1962.

Rehearing Denied Jan. 16, 1963.

Longoria & Evins, Edinburg, Bridges & Oxford, Mission, for appellant.

R. L. Lattimore, Dist. Atty., Oscar B. McInnis, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for assault with intent to murder; the punishment, five years.

The injured party and the appellant are first cousins. On the date of the alleged offense both parties were interested as heirs in an estate which had not been settled.

The injured party testified that he stopped at appellant's pool hall and asked him what had happened to some cattle of the estate, that appellant replied "I don't know a damn thing" and walked away. Later the injured party went to see his uncle in a store near the pool hall. In a short time the appellant came in the back door of the store, began cursing the injured party, shot him in the back with a 25 automatic pistol and after he turned appellant

shot him twice more in the body. One bullet passed through the body and two lodged in the body.

The arresting officer testified that when he asked the appellant what happened he replied, "I put my foot in it. At a moment of anger I shot a man", and then delivered the pistol used.

The physician who examined the injured party expressed the opinion that he suffered almost fatal gunshot wounds and if rapid medical attention had not been given such wounds would have caused his death.

The appellant, testifying in his own behalf, stated that the injured party cursed him at the pool hall, told him he had a pistol with which to kill him but he did not see it, then appellant went home and got his pistol to protect himself and that the injured party had threatened him before. Then he met the injured party in a store and said, "Here you are, you s—— o— a b——" and shot him only for protection because the injured party had told him he would kill him, but he did not intend to kill the injured party; that he heard no threats and saw no movements nor gun at the time, but the injured party had had a gun on a previous occasion. He admitted that he told the arresting officer that "I told him I stuck my foot", and testified that he shot the injured party " * * * with anger".

Appellant contends that the trial court erred in permitting the injured party to exhibit the scars made by the bullets from appellant's pistol on the ground that they solved no disputed issue, were not in the same condition as they were immediately after the shooting, and included a scar made by the physicians in an operation after the shooting.

While testifying the injured party raised his shirt and pointed out to the jury the places on his body where he was shot; the first shot he said was in the spine, the bullet passing through his body and coming out in front, that scars also show where two other bullets entered and lodged in his body but his testimony is indefinite as to their location. He explained that a scar on the front of his abdomen was made by the surgeon during an operation to extract the two bullets and to repair the internal injuries.

The operator of the store was the only witness present during the shooting to testify other than the appellant and the injured party. He stated that the appellant shot four times. Although indefinite and uncertain, from part of his testimony it appears that the injured party was shot in the left part of the back on his waist line, another shot missed his head, and to the questions: "Are you indicating that he shot him from the side, from his side?" the witness answered "Yes". * * * "Q. But, Delio (injured party) was not giving his back to Erasmo (appellant) when he was shot? A. No, sir."

The testimony of the injured party and the appellant about whether the first shot was in the back or the front of the body is in direct conflict; that of the operator of the store is indefinite as to where all the shots struck the body. There are no photographs or description of the scars that would authorize this Court to conclude that they had an ugly, ghastly or revolting appearance or condition such as would be reasonably calculated to influence and prejudice the rights of the appellant with the jury.

■ The complaint of the exhibition of the scars to the jury under the record presented does not show error. 4 Branch 2d, 175, Sec. 1816.

■ The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.