Ysidro Tovar MONTOYA, Appellant,

v.

The STATE of Texas, Appellee.

No. 43494.

Court of Criminal Appeals of Texas.

March 24, 1971.

Don W. Cihak, Muleshoe, for appellant.

Jack Young, Dist. Atty., Muleshoe, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for passing as true a forged instrument. The punishment was assessed by the jury at four years.

The sufficiency of the evidence is not challenged.

The record reflects that on the 29th day of September, 1969, the appellant passed a forged check in the sum of $55.00 purportedly signed by Don Williams to Joe Mack Wagnon in a grocery store at Muleshoe.

At the penalty stage of the trial it was shown that appellant had been convicted on the 8th day of October, 1968, for passing as true a forged instrument in Bailey County and his punishment was assessed at two years.

In the first two grounds of error, it is contended that the conviction should be set aside, because appellant remained in jail for some thirty-nine days before he was taken before a magistrate and that he was kept in jail for ninety-eight days without bail having been set.

A justice of the peace who took office in January of 1970 was called at the hearing on the motion for new trial by the appellant. He testified that the records of the previous justice of the peace did not show that appellant had been warned of his rights or had an examining trial.

A deputy sheriff testified that appellant had been in jail since his arrest.

The record reflects that appellant was arrested on February 10, 1970. The indictment which was returned March 16, 1970 shows the amount of bail was set at $2,000 (some 33, and not 98, days after arrest). The record does not clearly show that the appellant was not taken before some magistrate or that no bail was set before the indictment was returned.

■ An accused who has been arrested should be taken before a magistrate without unnecessary delay under Article 14.06, Vernon's Ann.C.C.P., and his rights explained according to Article 15.17 of the Code of Criminal Procedure. Even if this was not done in the present case, no reversible error has been shown. No confession was shown to have been taken or introduced and no reversible error from a failure to take him before a magistrate has been shown. See Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471.

■ Complaint is now made that the appellant was not given an examining trial. The return of the indictment by the grand jury eliminated the necessity for an examining trial. Harris v. State, Tex.Cr.App., 457 S.W.2d 903.

■ Lastly, complaint is made that the in-court identification was tainted, because the witness Wagnon had seen a photograph of appellant in the grand jury room.

Wagnon made a positive in-court identification of appellant as the man who passed the check. No objection was made and there was no request for a hearing to determine if the identification was tainted.

After the in-court identification the State made no attempt to bolster such identification by the photographic identification. The fact that the photograph of appellant was shown to Wagnon in the grand jury room was brought out on cross-examination.

■■ The showing of photographs does not in itself make the subsequent in-court identification violative of due process. See Thornton v. State, Tex.Cr.App., 451 S.W. 2d 898. There is no showing that the photograph seen by Wagnon unduly influenced his in-court identification or that the circumstances under which it was shown to him were unduly suggestive, no reversible error is reflected. A timely objection to identification testimony must be made at the first opportunity. See Martinez v. State, Tex.Cr.App., 437 S.W.2d 842. This was not done, and no reason is shown for delaying his objection. The matter is not properly presented for review. See Thornton v. State, supra, and the authorities there cited.

No reversible error has been shown. The judgment is affirmed.