Alonzo THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43925.

Court of Criminal Appeals of Texas.

June 29, 1971.

Billy J. Griswold, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Richard DeGuerin, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an out-of-time appeal from a conviction for felony theft with two prior felony convictions alleged for enhancement. The punishment was assessed by the court, pursuant to Article 63, V.A.P.C., at life.

In his first ground of error appellant complains that the proof of the prior California conviction for the pos-session of narcotics alleged for enhancement is insufficient to show that it was for a felony comparable to any offense in Texas.

Authenticated prison records from the California Department of Corrections which included a photograph and a set of fingerprints were introduced. A fingerprint examiner then testified that such fingerprints were the same as a set of known fingerprints taken of appellant. This was sufficient to establish that appellant was the person previously convicted. The records show that the conviction was for the felony offense for the possession of narcotics. In Texas the possession of narcotics is a felony. Article 725b, V.A.P.C.

The first ground of error is overruled.

In the second ground of error it is contended that there was a variance between the allegations in the indictment which alleged ownership in Estelle Vaughn and the proof.

The record reflects that Estelle Vaughn was employed as a cashier at Middleton's Super Market in Galena Park owned by Eddie Rosenzweig. She testified that she had custody of a certain cash register while another employee took a rest break and, during this time, a man who she identified as appellant opened the cash register and removed money from it without her consent.

No variance is shown. See Article 21.08, V.A.C.C.P. English v. State, Tex.Cr.App., 441 S.W.2d 195, and Roberts v. State, Tex. Cr.App., 400 S.W.2d 903.

The second ground of error is overruled.

Complaint is made in the third ground of error of an unresponsive answer made at trial by the arresting officer. In response to a question by the prosecutor as to whether he had to pull his gun, Officer Campbell replied: "Yes, sir, he was trying to fight me, and I stuck it in his stomach and it didn't seem to faze him. It seemed like he was on dope or—."

Appellant's objection was sustained, and the jury was instructed not to consider the answer. The motion for mistrial was overruled. Assuming there was error, the statement was not one that could not have been cured by the instruction to the jury. Ivory v. State, Tex.Cr.App., 430 S.W.2d 498; Ramos v. State, Tex.Cr.App., 419 S. W.2d 359. Further, statements concerning the condition of an accused and the circumstances surrounding the arrest are admissible. See Article 38.22, subd. 1(f), V.A.C.C.P., and Denny v. State (No. 43,-654). Wilson v. State, Tex.Cr.App., 436 S. W.2d 542.

The third ground of error is overruled.

Finally, appellant complains that the State failed to show that the money in question was taken without the consent of Estelle Vaughn.

The record reveals that Estelle Vaughn, on three different occasions, testified that she gave no one permission or consent to take the money. This complaint is without merit.

The judgment is affirmed.