**Charles Ray DUNLAP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44369.**

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Rehearing Denied Jan. 18, 1972.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by assault. A prior conviction was proved for enhancement under the provisions of Art. 62, Vernon's Ann.P.C. The punishment, life.

The appellant does not challenge the sufficiency of the evidence. Only a brief statement of the evidence will be necessary.

Manuel Gonzales, a student and part-time employee at the West Dallas Drugstore, was tending the cash register at

about 8:00 p.m. The appellant and another man came into the store. The other man pointed a pistol at Manuel and said "This is a stick-up." The appellant was carrying a sawed-off double-barreled shotgun. Alexander Canales, the owner and manager of the drugstore, was working in the back part of the store. He was called to the front of the store. Making threats, the gunmen demanded the money and all of the "Class A" (hard) narcotics.

Canales, in fear of his life and bodily injury, sacked up and delivered to the appellant the "Class A" narcotics and approximately $600 in money. The robbers, leaving in haste, left the narcotics but took the money. As they were leaving, Joe Moreno was entering the drugstore. He saw the robbers, who were leaving, for about ten or fifteen seconds. Moreno, before entering the drugstore, had noticed close by a late model blue "Camaro" automobile with the engine running and occupied by a woman.

■ The first ground of error alleged is that "The appellant was deprived of his rights guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States in that the in-court identification testimony of the eye-witnesses was tainted by an improper suggestive display of photographs upon which the in-court identification was based."

The appellant cites and relies upon Simmons v. United States, 390 U.S. 377, 88 S. Ct. 967, 19 L.Ed.2d 1247. In that case it was said:

"* * * convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972–1973, [18 L.Ed.2d 1199] and with deci-sions of other courts on the question of identification by photograph."

And see Ward v. State, 474 S.W.2d 471 (Tex.Crim.App.1971); Grundstrom v. State, 456 S.W.2d 92 (Tex.Crim.App.1970); Bowman v. State, 446 S.W.2d 320 (Tex.Crim. App.1969); Smith v. State, 459 S.W.2d 642 (Tex.Crim.App.1970) and Montoya v. State, 464 S.W.2d 853 (Tex.Crim.App. 1971).

Five or more photographs were exhibited to Gonzales and 15 to 20 photographs were exhibited to Canales by the officers during their investigation. The testimony of the witnesses negated any unfairly suggestive display of the photographs made to them. It appears from the record that the photographs were exhibited to the witnesses before any arrests were made and before the identity of the robbers had been determined.

Each of the three witnesses made a clear and convincing in-court identification of the appellant without objection. Gonzales and Canales had a good opportunity to see appellant in the well-lighted drugstore. Moreno's opportunity to see the appellant was of shorter duration, but he was also positive in his identification.

The defense counsel first brought out in cross-examination of Gonzales that the investigating officers had showed Gonzales a group of pictures sometime after the robbery and that he had designated the appellant in that group of pictures. Later, during the direct examination of Canales, it was shown without objection that he had viewed a group of pictures exhibited by the investigating officers and Canales recognized one of the pictures as being the appellant.

This court has held that an objection to identification testimony is untimely and does not preserve error unless made at the first opportunity. See Montoya v. State, 464 S.W.2d 853 (Tex.Crim.App.1971); Green v. State, 467 S.W.2d 481 (Tex. Crim.App.1971); Martinez v. State, 437

S.W.2d 842 (Tex.Crim.App.1969) and Jones v. State, 471 S.W.2d 413 (Tex.Crim. App.1971). This ground of error was first raised in appellant's brief on appeal. No error is shown.

 Appellant's second ground of error is that "The appellant was deprived of a fair trial when the prosecutors introduced evidence that two women, circumstantially connected with the robbery in question, had been previously arrested for burglary with which appellant had not been connected in any way."

The testimony here complained of was that of a police officer who testified that two women driving a vehicle matching the description of the one used in the robbery were placed "in jail for investigation of burglary" two weeks before this robbery occurred. The officer's answer was not responsive to the prosecutor's question. An objection by the defense counsel was promptly sustained. The court then instructed the jury to "disregard that part about the burglary and consider it for no purpose whatsoever."

"Appellant did not at the time move for a mistrial or request the Court to take any further action. It appears that at the time appellant was satisfied with the action of the Court, and he is in no position now to complain." Williams v. State, 427 S.W.2d 868 (Tex.Crim.App.1967) and see White v. State, 444 S.W.2d 921 (Tex.Crim.App. 1969). What was said in Spencer v. State, 466 S.W.2d 749 (Tex.Crim.App.1971) is quite applicable here. "There was no connection made between the appellant and the challenged testimony. On the contrary, it was clear that the appellant had nothing to do with the incident, and the admonition to the jury cured any error presented."

 Appellant's last ground of error presented is "The appellant was deprived of a fair trial when a State's witness testified that appellant looked like he was under the influence of drugs at the time of the robbery." No objection was made to this testimony and in any event, it was admissible. See Pointer v. State, 467 S.W.2d 426 (Tex.Crim.App.1971); Doby v. State, 454 S.W.2d 411 (Tex.Crim.App.1970) and Thomas v. State, 468 S.W.2d 418 (Tex. Crim.App.1971).

The judgment is affirmed.

Opinion approved by the Court.