Clifton **MILES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46472.

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Rehearing Denied Oct. 10, 1973.

**176**

Theodore R. Johns, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a jury trial of unlawfully carrying a pistol in a place licensed for the retail sale of beer. Punishment was assessed at five (5) years.

Appellant does not question the sufficiency of the evidence to support the verdict.

In his first four grounds, appellant contends error in permitting, over objection, testimony by Robert J. Isaacson, one of the arresting officers, about appellant's trying "to hurt" the officer while being taken from the beer tavern to the police station, about threats made by appellant to the officer, and about assaults committed by appellant on the officer at the jail while the officers were attempting to place him in a cell. Appellant's position is that the pistol was found prior to his being placed in the police car, that there was no question of identity, that appellant did not testify at the guilt stage of the trial, and that everything transpiring after his arrest at the tavern was unrelated to the primary charge against him, and that the evidence of these extraneous offenses was not admissible on the issue of his guilt.

The record reflects that three officers responded to a radio message of trouble at the beer tavern. There they found appellant very drunk. Officer Isaacson asked him to step outside, and he refused in a loud and offensive manner. Isaacson then informed him he was under arrest for being drunk, and the officers attempted to lead him outside. A struggle ensued, in which a pistol fell to the floor from appellant's pants pocket. It was fully loaded. After a violent struggle, including the use of mace, the officers were able to get appellant outside, where they handcuffed him and placed him on the back seat of a patrol car. Officers Isaacson and Roper took him to the station. On the way appellant continued to verbally abuse them, struck and attempted to kick them, and attempted to escape. He continued to curse and abuse the officers at the station, where he was searched and ten more cartridges were found on him. When the handcuffs were removed so that he could be placed in a cell, another violent struggle occurred, and Isaacson was hit frequently. The officer was pulled into the cell by appellant, and had to use his "slapper" on appellant to get out and lock the door.

Appellant objected to the testimony of Officer Isaacson of appellant's actions occurring outside of the tavern and in the car and at the station, as being prejudicial, and as introducing extraneous offenses not a part of the res gestae of the primary offense. He also asked to have the jury instructed not to consider the evidence of Officer Isaacson with respect to appellant's actions after the initial arrest, and asked for a mistrial. His objections and requests were overruled.

■ It is not necessary that we pass upon the admissibility of Isaacson's testimony concerning appellant's actions after the arrest in the tavern.[1] The record reflects that Officer George Roper was present with Isaacson at all times here material. He rode to the tavern with Isaac-

---

1. However, see Smith v. States, 153 Tex.Cr.R. 230, 219 S.W.2d 454.

son, went into the tavern with him, participated in the difficulties with appellant, helped take him out of the tavern and inside the police car. He rode to the station with appellant and Isaacson. He assisted in the efforts to get appellant booked and into his cell. He testified at length, both on direct and cross-examination *without objection* to substantially all that Isaacson had testified with reference to the trouble the officers had with appellant at the tavern, in the car, and at the police station.

It has long been the rule that improper admission of evidence does not constitute reversible error if the same facts were proved by evidence not objected to. 5 Tex.Jur.2d, Appeal and Error, § 446, pages 704 et seq., and cases cited. White v. State, Tex.Cr.App., 486 S.W.2d 377; Merx v. State; Tex.Cr.App., 450 S.W.2d 658, East v. State, Tex.Cr.App., 420 S.W. 2d 414; Lewis v. State, Tex.Cr.App., 438 S.W.2d 816.

Appellant's grounds of error numbers one, two, three and four are overruled.

In his fifth and sixth grounds of error, appellant complains of the introduction in evidence of color slides and black and white pictures of Officer Isaacson showing marks and scratches on his face after the struggle with appellant. Officer Roper testified without objection of the blows inflicted by appellant on Isaacson's face, and of the condition of the latter's face after appellant was finally locked in his cell. Roper was questioned on cross-examination concerning these exhibits. No error is shown in the introduction of these photographs. Martin v. State, Tex.Cr. App., 475 S.W.2d 265, and Lanham v. State, Tex.Cr.App., 474 S.W.2d 197. See also Terry v. State, Tex.Cr.App., 491 S. W.2d 161.

Furthermore, a thorough study of the record convinces us that the admission in evidence of these exhibits was harmless.

Appellant's fifth and sixth grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.