**Billy June HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47365.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Rehearing Denied March 6, 1974.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

---

OPINION

JACKSON, Commissioner.

The conviction was for oral sodomy upon a six year old girl; the punishment, determined by the jury, eight (8) years.

Appellant challenges the sufficiency of the evidence for his first ground of error.

The victim of the alleged oral sodomy was a six year old girl, eight years' old when she testified at the trial. She was the daughter of a divorced couple. The mother had her custody. Her father was married again. The mother was an admitted prostitute. Appellant moved in with her without marriage and she gave money to appellant from her earnings as a prostitute.

The victim lived with her mother and appellant for about a year. While her mother was gone from home on frequent trips in connection with her trade, the child said appellant often put his penis in her mouth and made her suck it. She said this happened many times, estimated at 30 to 100 times.

While visiting her father in April, 1970, the child at the table told her father, his wife and her grandparents what appellant had been doing to her, and they promptly reported it to the police. A case for this offense was filed on appellant several days later on April 28, 1970. The little girl testified fully as to the details of the acts of sodomy committed upon her by appellant, as well as other mistreatment of her by him, that he threatened her, whipped her and struck her and she was afraid of him. She said she did not tell her mother of these acts because she was afraid her mother would tell appellant and he would whip her. The last such act of sodomy occurred on April 6 to 10, 1970.

The appellant testified, denied the charge in toto, and placed witnesses on the stand who vouched for his good, general reputation as a law-abiding citizen.

■ The jury was the trier of the facts. They heard the witnesses and chose to believe the child, which they had the right to do. We overrule appellant's contention that the evidence was not sufficient.

Ground of error number two asserts that the court erred in permitting the father of the child to testify to what she told him about the commission of sodomy by appellant when a proper predicate had not been laid.

■ The trial court overruled the objection and permitted the child's father to testify fully and in detail about the conversation at the table and following it about the many acts of oral sodomy reported to him by the child. The court admitted such testimony on the ground of out-cry. In this the court was in error, if proper objections were made, because it did not appear that the conversation was an exception to the hearsay rule. It was not near in point of time to the event (several days after the last act), the child was not shown to be laboring under any emotional effects from any such occurrence, and it did not appear to be a spontaneous expression or a part of the res gestae. According to her testimony, it was not the first time she told her father. Bennett v. State, Tex.Cr.App., 382 S.W.2d 930; Fretwell v. State, Tex.Cr. App., 442 S.W.2d 393; Dickerson v. State, 155 Tex.Cr.R. 600, 237 S.W.2d 983. Cf. Haley v. State, 157 Tex.Cr.R. 150, 247 S. W.2d 400.

Appellant's counsel fully developed in great detail the conversations so admitted by the court by an extensive cross-examination of the child's father. But by so doing he did not waive objections. Willoughby v. State, 87 Tex.Cr.R. 40, 219 S. W. 468; Patterson v. State, Tex.Cr.App., 458 S.W.2d 658; Beachem v. State, 144 Tex.Cr.R. 272, 162 S.W.2d 706.

However, when the alleged victim testified, the State asked her and she testified fully to the same conversations at the dinner table and thereafter, and to all reports she made to her father, stepmother and grandparents about the many acts of sodomy committed by appellant, without any objection from appellant's counsel. Additionally, on cross-examination, he developed from her for the first time the contents of her testimony at the examining trial, which also brought before the jury the conversations and reports of which he now complains.

By thus failing to object to the same testimony from the child and introducing the same as given at the examining trial, any error was rendered harmless. Miles v. State, Tex.Cr.App., 499 S.W.2d 175; White v. State, Tex.Cr.App., 486 S. W.2d 377; 5 Tex.Jur.2d, Appeal and Error, § 446, pages 704 et seq., and cases cited.

Ground of error number three complains that evidence was introduced about appellant having burned an automobile. This matter was first introduced into the case when appellant's attorney brought out from the father of the child that the little girl told him about this occurrence. He cannot complain about matters he injected into the case himself. The record shows the following questions by appellant's attorney, and the answers:

"Q (By Mr. Tarrant) All right, so that you said that she had told you on other occasions of other things he had done. You mentioned the fork incident and the incident where he gave her a black eye. Did she tell you any other things he had done?

"A Yes, sir.

"Q What?

"A Well, my ex-wife had a Pontiac which was his, I believe; and they took a new Continental out here on the highway out, in other words, a lonely road out there; and he caught that on fire; and they stuck my daughter down in the front seat of the car while he caught that on fire. She raised up and see it. She come back and told us about that. My wife was there driving the getaway car. My ex-wife.

"Q Burned up the car, is that what the daughter told you?

"A Yeah, at that time."

Also, eventually the court granted the defense request for an instruction to disregard and told the jury to disregard any reference to the burning of the car. This rendered the error, if any, harmless. Frison v. State, Tex.Cr.App., 473 S.W.2d 479; Brown v. State, Tex.Cr.App., 464 S. W.2d 134; Hunter v. State, Tex.Cr.App., 468 S.W.2d 96; Thomas v. State, Tex.Cr. App., 468 S.W.2d 418; Guerra v. State, Tex.Cr.App., 478 S.W.2d 483.

Ground of error number three is overruled.

In ground of error number four, appellant argues error because the child's mother, a witness for the State, testified she was a prostitute. We fail to see how appellant can complain of or was injured by proof that a witness against him was thus engaged. However, while on the stand testifying in his own behalf, he testified that she was a prostitute for the year he lived with her and that he was her kept man. No error is here shown.

We have also reviewed additional grounds of error presented by appellant and fail to find merit in any of them.

We find no reversible error and affirm the judgment.

Opinion approved by the Court.