Kimberly **PHILLIPS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–87–00186–CR.

Court of Appeals of Texas, El Paso.

Dec. 14, 1988.

Luis E. Islas, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso County, El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

SCHULTE, Justice.

Appellant was charged with the offense of attempted capital murder, enhanced with one prior felony conviction. The jury found Appellant guilty. Appellant pled true to the enhancement allegation, and the jury set punishment at life imprisonment in the Texas Department of Corrections and a $10,000 fine. We affirm.

Appellant's conviction is based upon the July 26, 1986, shooting of David Parham. Parham testified that, while he was driving along Transmountain Road, he stopped to help two men, Appellant and another man, Corby Louis Francis. The two men robbed Parham. Appellant then shot Parham twice, and Francis shot him a third time. They pushed him down an embankment, shooting at him again as he slid down. Appellant and Francis were tried separately.

In three points of error, Appellant complains regarding the court's charge relating to parties, to the court's permitting the victim to exhibit his injuries, and finally, to the court's admission of a video tape from a newsman. After a recitation of some additional facts relating to each of the points, from the record, we will discuss the points in the order indicated.

From the transcript, it appears that in its charge to the jury, on the issue of guilt, the court gave the following abstract instruction on the law of parties:

> All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.
>
> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

The court did not apply the law of parties to the facts of Appellant's case.

Then, during the guilty-not guilty phase of trial, the victim was permitted to exhibit his injuries to the jury over Appellant's objection.

And, finally, at the punishment phase, the State offered into evidence a video tape taken by a local television photographer, John Schramm. Appellant's objection to the admission of the tape was overruled. Schramm himself testified prior to the playing of the tape. He stated that he was filming Appellant as the latter was leaving the courthouse after the first day of trial when Appellant spoke to him:

Q: What was the first thing he said to you....?

A: He said if I don't get the camera out of his face he's going to shove the camera up my ass.

Q: What is the next thing ...

A: He turned to me and he said, "[y]ou don't take life seriously."

Q: Did you capture this on film?

A: Yes I did.

Appellant did not object to Schramm's testimony.

■ Turning to the points of error, in his first point, Appellant urges that the trial court erred by submitting only an abstract instruction on the law of parties, and that this error was harmful as to require reversal. The trial court did fail to apply the law of parties to the facts of Appellant's case and this was error. *Johnson v. State,* 739 S.W.2d 299, 305 (Tex.Crim.App.1987); *Black v. State,* 723 S.W.2d 674, 675 (Tex. Crim.App.1986); *Ex Parte Clark,* 597 S.W. 2d 760, 761 (Tex.Crim.App.1979) (en banc). If this error caused actual harm to Appellant, then his conviction must be reversed. *Black v. State,* 723 S.W.2d at 675 n. 2; *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985). The appropriate standard of harm depends upon whether or not Appellant objected to the charging error at trial. If he *did* object, then a finding of "some harm" is sufficient to require reversal. *Black,* 723 S.W.2d at 675 n. 2; *Almanza,* 686 S.W.2d at 171. If no objection was made, then "egregious harm" must have occurred, that is, the error must have been so harmful that Appellant was denied a fair and impartial trial. *Black,* 723 S.W.2d at 675 n. 2; *Almanza,* 686 S.W.2d at 171. For both preserved and unpreserved charging error. the degree of harm is determined through an examination of the entire record, including "the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Arline v. State,* 721 S.W.2d 348, 351–52 (Tex.Crim.App.1986); *Almanza,* 686 S.W.2d at 171.

■ Appellant asserts that he *did* object to the court's failure to apply the law of parties to the facts in its charge. He cites the following objection from the record:

The defendant objects to the charge as a whole because it fails to instruct the jury on causation. Your Honor. specifically it fails to charge that a person is criminally

responsible if the result would not have occurred before [sic] his conduct, operating either alone or concurrent with another cause, because unless the concurrent cause was sufficient to—clearly sufficient to produce the result and the conduct of the actor clearly insufficient. A person is nevertheless criminally responsible for causing the result is [sic] the only difference of what actually occurred and what he desired or contemplated or basic risk is that a different offense was committed or a different person or property was injured, harmed or otherwise affected.

Appellant is grasping at straws. This objection tracks the Penal Code provision relating to causation; it has nothing to do with complicity. *Compare* Tex.Penal Code Ann. sec. 6.04 (Vernon 1974) (causation, conduct and results) *with* Tex.Penal Code Ann. sec. 7.01 (parties to offenses) and sec. 7.02 (criminal responsibility for conduct of another) (Vernon 1974). Objections to the charge must distinctly specify each ground of objection. Tex.Code Crim.Pro.Ann. art. 36.14 (Vernon 1981). Thus, the trial judge knows in what respects the charge is regarded as defective and is given an opportunity to correct it before reading it to the jury. *Brown v. State,* 716 S.W.2d 939, 943 (Tex.Crim.App.1986). Appellant's objection was specific enough, it merely specified the wrong thing: Appellant objected to the court's failure to charge on causation, *not* the failure to apply the law of parties to the facts. The court's understanding of this objection is clear enough:

THE COURT: As I understand the 3 objections, they are the failure to include a lesser included offense of robbery, *failure to charge on causation* and failure to charge on misidentification? [emphasis added].

MR. GANDARA: Yes, Your Honor.

Appellant did not properly object to the charging error.

■ Furthermore, examination of the record indicates that Appellant suffered no egregious harm. In the first place, the evidence clearly supported a conviction of Appellant as a *principal* actor. *See Black*

*v. State*, 723 S.W.2d 674, 675 (Tex.Crim. App.1986); *Brown v. State*, 716 S.W.2d 939, 946 (Tex.Crim.App.1986); *Govan v. State*, 682 S.W.2d 567, 571 (Tex.Crim.App. 1985). (Where the evidence clearly supports defendant's guilt as a principal, any error in charging on the law of parties is harmless.) The victim, David G. Parham, testified that Appellant shot him twice. Parham, stuck to his story on cross-examination. The evidence showed that Parham received gunshot wounds from *two* different weapons, one retrieved from Francis and the other unidentified. It is reasonable to infer from this that both Appellant and Francis shot the victim. The State's witness, Michael Martin, testified that he overheard Appellant discussing the shooting and how he planned to "beat the wrap." Appellant allegedly said that there were two guns involved in the shooting; that "his partner" (Francis) was standing in front and Appellant in back of the victim; that the victim was shot from the front and twice in the back of the head or neck; and that "his partner" shot the guy from the front. Appellant also said "they wouldn't be able to identify the bullets that went in the back of the neck and the head because they would have been shattered, that they couldn't, you know, trace the gun or the bullets that they were fired out of the gun." Although Appellant did not actually say that he fired upon Parham, the jury could reasonably conclude from Martin's testimony that Appellant shot the victim twice in the back of the neck, particularly since Appellant showed concern about the identification of these bullets.

Appellant cites *Johnson v. State*, 739 S.W.2d 299 (Tex.Crim.App.1987), in which the court held that, *even if* the evidence incidentally supports conviction of the defendant as a primary actor, some harm may nevertheless result from the court's failure to explicitly apply the law of parties to the facts of the case. *Id.* at 305. The *Johnson* court reasoned that, where there is *also* substantial evidence of the defendant's guilt as a party, *and* where the State stresses this theory of liability to the jury, it is reasonable to conclude that the jury (cognizant of the abstract statement of the law of parties floating around in the charge), convicted the defendant upon this theory of complicity without being expressly informed of the facts it must find before doing so. *See Id.*

*Johnson* is clearly inapplicable to the facts of this case. Evidence that Francis fired all the shots and that Appellant's only involvement in the offense was as a party is non-existent. (In his brief, Appellant indicates that there was such evidence and cites volume III of the statement of facts, but he does not pinpoint any such evidence.) From our own examination of the record, there was Appellant's attempt to impeach Parham on cross-examination and Martin's admission, also on cross, that Appellant never really said he fired at anyone. Furthermore, the State clearly relied upon Appellant's guilt as a *principal* in jury argument. In final summation, the prosecutor argued, "[c]ould there be any doubt that that's the individual [i.e., Appellant] that shot David Parham? I don't think so. What about the bullets? *I don't know where [defense] counsel comes up with the idea that, you know, the evidence has shown that the bullets, the first two shots came from Corby Louis Francis or whatever his name is."* [emphasis added]. Appellant's contention that the question of his guilt under the law of parties "was at least one of the theories of the prosecution best supported by the evidence and advanced before the jury in the State's final argument" is simply inaccurate.

Appellant further contends that "by failing to instruct the jury by applying the law of parties to the facts of the case the trial court took away from the jury's consideration Appellant's strongest defensive theory regarding his culpability only as a party to the offense." This argument is at best puzzling. Submission of the law of parties makes it possible for the State to obtain a conviction on less evidence than that required to establish that the accused actually committed the offense. *See Johnson*, 739 S.W.2d at 302; *Romo v. State*, 568 S.W.2d 298, 302 (Tex.Crim.App.1978). Appellant's contention that he meant to utilize the law of parties as a defensive theory

cannot be taken seriously. His first point of error is overruled. No harm has been shown, much less egregious harm.

 In his second point of error, Appellant asserts that the trial court erred in allowing Parham to exhibit his injuries to the jury. This argument is without merit. Such evidence was clearly relevant to show "the intent and fury with which the [Appellant] acted in making them and also the power, force, and effect of the weapon that he may have used." *Lydia v. State,* 486 S.W.2d 791, 793 (Tex.Crim.App.1972). In addition, there is nothing in the record to indicate that Parham's wounds had "an ugly, ghastly or revolting appearance or condition such as could be reasonably calculated to influence and prejudice the rights of [Appellant] with the jury." *Salinas v. State,* 363 S.W.2d 265, 266 (Tex. Crim.App.1962). *See also Crawford v. State,* 412 S.W.2d 57, 59 (Tex.Crim.App. 1967); *Salazar v. State,* 397 S.W.2d 220, 223 (Tex.Crim.App.1965). His contention that this evidence was needlessly cumulative is also unsubstantiated. Appellant's second point of error is overruled.

In his final point of error, Appellant complains of the trial court's admission of the Schramm video tape. Although we believe the trial court erred in admitting the video tape itself, it must be noted that Schramm's testimony regarding what occurred on the tape came in without objection. Appellant objected *only* to the admission of the tape itself. Error was waived by Appellant's failure to object to Schramm's testimony. *Sweeten v. State,* 693 S.W.2d 454, 456 (Tex.Crim.App.1985). *See also Miles v. State,* 499 S.W.2d 175, 177 (Tex.Crim.App.1973). Appellant's third point of error is overruled.

The judgment is affirmed.