**Opinion issued April 2, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00133-CR

————————————

**MARIO AGUILAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 1564632

## MEMORANDUM OPINION

A jury convicted appellant, Mario Aguilar, of the offense of aggravated

robbery.[1] After finding true an enhancement allegation that appellant was previously

---

[1] *See* TEX. PENAL CODE §§ 29.02(a)(2), 29.03(a)(2).

convicted of aggravated assault with a deadly weapon, the jury assessed appellant's punishment at confinement for 35 years. The trial court entered an affirmative finding that appellant used or exhibited a deadly weapon, namely, a firearm, in the commission of the robbery. In his sole issue, appellant contends that the trial court erred in failing to instruct the jury on a lesser-included offense of unauthorized use of a motor vehicle and on the law of parties, as it related to his defensive issue.

We affirm.

## Background

At approximately 1:00 p.m. on September 12, 2017, the complainant, C.A., left his house to drive to his high school. While driving in his neighborhood, he saw appellant walking in the middle of the street. When the complainant stopped to avoid hitting him, appellant approached the driver's door of the complainant's truck and pointed a firearm through the open window and at his face. The complainant described the firearm as a black and silver Glock handgun. Appellant said, "Disculpa, niño," meaning, "excuse me, kid, or sorry, kid." The complainant testified that, fearing for his life, he parked and got out. Appellant got into the truck, drove further up the street, stopped and picked up a woman, and drove away. The complainant walked home and called the police.

The complainant further testified that he recognized appellant as a neighbor. The complainant regularly drove past appellant's house, saw appellant there, and

2

saw appellant walking on the street. When police officers arrived, the complainant gave them a description of appellant and identified his residence. He also used his tablet to track a signal to his cell phone, which he had left in his truck. However, only the phone was found. The next day, the complainant's truck was found at a nearby school. The complainant testified that the interior was damaged, and it looked like someone had tried to remove the radio. The complainant identified appellant, in a photographic lineup and during trial, as the robber.

Houston Police Department ("HPD") Officer M. Hernandez testified that, while on patrol on September 12, 2017, he was dispatched to investigate an aggravated robbery. The complainant reported that, while driving, he saw appellant running after a girl. Appellant then "jumped" in front of the complainant's truck, forcing him to stop, pulled a handgun from his waist, and pointed it at the complainant. The complainant described appellant, identified his residence, and described the handgun as having a "silver upper part and black handle." Hernandez noted that the complainant's cell phone was found at a restaurant located approximately one-half mile away from the scene.

HPD Investigator J. Rachel testified that the complainant positively identified appellant in a photographic lineup. From his investigation, Rachel identified the woman who had gotten into the truck as Michelle Rodriguez. He testified that he interviewed Rodriguez and that her statement was consistent with that of the

complainant. HPD Officer S. Villarreal testified that he was dispatched to investigate a report of a suspicious vehicle at a school. There, he located the complainant's abandoned truck. J. Molina, of the Houston Forensic Science Center, testified that fingerprints recovered from the outside surface of the driver's side door of the truck matched those of appellant.

Appellant testified that Michelle was a "call girl" and that he was her client and close friend. He did not know the complainant. On the day at issue, appellant was at his house when Michelle and the complainant arrived together in the complainant's truck. Michelle then drove appellant to a store to get beer, while the complainant waited at appellant's house. On the way, appellant and Michelle argued because she wanted to go and buy "drugs." Michelle dropped off appellant, and he walked home. When he arrived, the complainant was gone. Appellant denied having possessed a firearm or having robbed the complainant.

At the close of the guilt-innocence phase of trial, the trial court's charge authorized the jury to find appellant guilty of the offense of aggravated robbery with a deadly weapon as a primary actor. Appellant did not object to this charge.

## Charge Error

In his sole issue, appellant argues that the trial court erred in failing to instruct the jury on a lesser-included offense of unauthorized use of a motor vehicle[2] and on the law of parties,[3] at it related to his defensive issue. He asserts that his complaints must be addressed together because "the facts justify a party charge only in the context of the lesser-included offense." He further asserts that such error caused him egregious harm, under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. App. 1984).

---

[2]  A jury instruction on a lesser-included offense is warranted if the lesser offense at issue (1) qualifies as a lesser-included offense and (2) some evidence exists in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. art. 37.09.

A person commits the offense of robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE § 29.02(a)(2). Theft is the unlawful appropriation of property with intent to deprive the owner of the property. *Id.* § 31.03(a). The offense of robbery is aggravated if, inter alia, the person "uses or exhibits a deadly weapon" during its commission. *Id.* § 29.03(a)(2). A firearm is a deadly weapon. *Id.* § 1.07(a)(17)(A). A person commits the offense of unauthorized use of a motor vehicle if he intentionally or knowingly operates another's motor-propelled vehicle without the effective consent of the owner. *Id.* § 31.07.

[3]  "A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." *Id.* § 7.01(a). A person is criminally responsible for an offense committed by the conduct of another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2). Appellant asserts that a parties instruction is applicable to this case based on the role of Michelle.

The State argues that appellant failed to preserve error for review because he failed to either request these instructions or object to their omission from the charge. It argues, essentially, that *Almanza* does not apply. Appellant does not dispute that he did not request such instructions or object to their omission.

## A.    *Standard of Review*

We review alleged charge error by first determining whether error exists in the charge. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). "If error exists, we then analyze the harm resulting from the error" to determine whether reversal is required. *Id.* In determining harm, we apply "separate standards of review depending on whether the defendant timely objected to the jury instructions." *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. 2016) (applying *Almanza*, 686 S.W.2d at 171). If the defendant timely objected to the charge error, then reversal is required if we determine that the error caused the defendant "some harm." *Id.* If the defendant did not timely object, then reversal is required only if the error was "so egregious and created such harm that the defendant did not have a fair and impartial trial." *Id.*

"*Almanza* does not apply," however, "unless the appellate court first finds 'error' in the jury charge." *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998). Thus, here, before applying *Almanza*'s egregious-harm standard, as appellant advances, we must first determine whether the trial court erred in not instructing the jury on a lesser-included offense of unauthorized use of a motor vehicle and on the

6

law of parties, without appellant having requested such instructions or objected to their omission. *See Tolbert v. State*, 306 S.W.3d 776, 779 (Tex. Crim. App. 2010) ("Before applying *Almanza*'s egregious-harm standard for unobjected-to jury charge error, the court of appeals should have first decided whether it was 'error' for the trial court not to sua sponte instruct the jury on the lesser-included offense . . . .").

## B. *Analysis*

Texas Code of Criminal Procedure article 36.14 directs a trial court to "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case." *Mendez v. State*, 545 S.W.3d 548, 551–52 (Tex. Crim. App. 2018); *see also* TEX. CODE CRIM. PROC. art. 36.14. The charge should include "all of the law applicable to the criminal offense that is set out in the indictment or information," as well as general admonishments, i.e., presumption of innocence and so forth. *Mendez*, 545 S.W.3d at 552. "These matters are always 'law applicable to the case.'" *Id*. And, a trial court is required to instruct on these issues "sua sponte, even without prompting from counsel, because the trial court is ultimately responsible for the accuracy of the jury charge and accompanying instructions." *Id.*; *see also Tolbert*, 306 S.W.3d at 779–80 (defendant need not preserve error to assert charge complaints involving law applicable to case). Instead, whether the defendant objected to the error simply determines which of *Almanza*'s dual standards of review, discussed above, applies to determine whether the error is reversible. *Mendez*, 545 S.W.3d at 552.

7

On the other hand, the law does not impose on a trial court a duty to sua sponte instruct a jury on defensive issues. *Tolbert*, 306 S.W.3d at 779–80; *Oursbourn v. State*, 259 S.W.3d 159, 179–80 (Tex. Crim. App. 2008) (defensive issues include those "on which instructions are not mandated by any statute" or rule). Defensive issues are treated differently because they involve strategic decisions generally left to the defendant and his counsel. *Delgado v. State*, 235 S.W.3d 244, 249–50 (Tex. Crim. App. 2007); *Posey*, 966 S.W.2d at 62–63 ("Article 36.14 imposes no duty on trial courts to sua sponte instruct the jury on unrequested defensive issues," even on defenses raised by evidence at trial). This rule is "intended 'to discourage parties from sandbagging or lying behind the log' and to discourage a defendant from retrying the case on appeal under a new defensive theory, effectively giving the defendant 'two bites at the apple.'" *Tolbert*, 306 S.W.3d at 780 n.6 (quoting *Posey*, 966 S.W.2d at 63). Accordingly, a defendant "cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint." *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013).

"[L]esser-included instructions are like defensive issues." *Tolbert*, 306 S.W.3d at 780. Whether to request that a jury be instructed on a lesser-included offense or, instead, to "go for broke" and seek an acquittal on the charged offense is

8

a strategic choice that belongs to the defendant and his counsel. *Id.* at 780–82. "Because of the strategic nature of the decision, it is appropriate for the trial court to defer [and] . . . refrain[ ] from submitting lesser offense instructions without a party's request." *Id*. at 781 (quoting 43 George E. Dix & Robert O. Dawson, CRIMINAL PRACTICE AND PROCEDURE § 36.50 at 202 (Supp. 2006)). Thus, a trial court does not have a duty to sua sponte instruct a jury on a lesser-included offense. *Id.* at 781.

In *Tolbert*, the court of criminal appeals held that the trial court, presiding over a capital-murder trial, "had no duty to sua sponte instruct the jury on the lesser-included offense of murder." *Id.* Rather, a jury charge "on this lesser-included offense was not 'applicable to the case' absent a request by the defense for its inclusion in the jury charge." *Id.* And, there being no such request by the defendant, he waived his right to appeal that aspect of charge. *Id.* Further, "there was no jury-charge 'error' to which *Almanza*'s egregious harm analysis would apply." *Id*. at 782. In *Mendez*, the court held that, "[i]f [a] defendant fails to object to the absence of these kinds of instructions in the jury charge, the trial court will have committed no error at all; a trial court does not err by failing to instruct the jury on an issue that was, by virtue of the defendant's silence, simply inapplicable to the case." 545 S.W.3d at 552.

Similarly, with respect to the law of parties, the court of criminal appeals has held that, if a trial court "fails to apply the law of parties to the facts of the case, it might be better trial strategy for the defense counsel not to ask for such a charge." *Romo v. State*, 568 S.W.2d 298, 302 (Tex. Crim. App. 1977) (op. on reh'g) ("A charge on the law of parties enlarges a defendant's criminal responsibility. The charge benefits the State and not the defendant."). Thus, a defendant's failure to either request that a charge be submitted to the jury applying the law of parties to the facts or to object to the omission of such charge waives the issue. *See Molina v. State*, 450 S.W.3d 540, 548 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Phillips v. State*, 770 S.W.2d 824, 827 (Tex. App.—El Paso 1988, no pet.) (holding that trial court did not err in not submitting instruction on law of parties as defensive issue).

We conclude that the trial court did not err in not sua sponte instructing the jury on appellant's unrequested defensive issues; rather, appellant was required to preserve error. *See Vega*, 394 S.W.3d at 519; *Tolbert*, 306 S.W.3d at 779–81. To preserve error, appellant was required to have provided to the trial court, either in writing or through dictation on the record, the defensive instructions he desired, and request that they be given to the jury, or object to their omission. *See* TEX. CODE CRIM. PROC. art. 36.14, 36.15; *Tolbert*, 306 S.W.3d at 781. Appellant does not dispute that he did not request an instruction on a lesser included offense of

unauthorized use of a motor vehicle or request an instruction applying the law of parties to his defensive issue. Further, he did not object to their omission in the charge. Accordingly, we hold that appellant has not preserved his issue for appeal. *See Vega*, 394 S.W.3d at 519 ("A defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint."); *Tolbert*, 306 S.W.3d at 781.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.



Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).