**Dismiss and Opinion Filed September 29, 2020**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00756-CR**

**ROBERT ARTHUR MOSES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81377-2015**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Carlyle

Robert Arthur Moses appeals the trial court's August 6, 2020 order dismissing his emergency motion for release. We dismiss this appeal for lack of jurisdiction.

After convicting Moses of murder, the jury assessed punishment at life in prison. A panel of this Court affirmed his conviction and sentence on direct appeal. *See Moses v. State*, No. 05-16-01391-CR, 2018 WL 4042359 (Tex. App.—Dallas Aug. 23, 2018, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused his petition for discretionary review, and our mandate issued on January 24, 2019.

On May 21, 2020, Moses filed an "Emergency motion to release Robert Arthur Moses who is being unlawfully detained" in the trial court. Moses argues he became unlawfully detained when he was arrested on February 26, 2015 but not taken to a magistrate within 48 hours and that therefore, the trial court lost jurisdiction over him, meaning his trial, conviction, and sentence are "illegal and void." *See* TEX. CODE CRIM. PROC. art. 15.17. The state argued that the trial court should dismiss the motion, which the trial court did. Moses noted his appeal to this Court.

Moses's motion includes a collateral attack on his final felony conviction based on the unlawful restraint of his liberty. Texas law authorizes challenges to unlawful restraints on liberty by way of an article 11.07 writ. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3. Texas criminal procedure generally provides that 11.07 writs be filed on a prescribed form available at https://www.txcourts.gov/cca/practice-before-the-court/forms/ or in Appendix E to the Texas Code of Criminal Procedure.

Only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ex parte Hoang*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985). Only the Court of Criminal Appeals has writ jurisdiction to order a trial court to rule on a pending article 11.07 motion. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392

S.W.3d 115, 117–18 (Tex. Crim. App. 2013). Mr. Moses's motion contains some, but not all of the required components of a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. arts. 11.07, § 3; 11.14. We express no opinion regarding whether the trial court may take action on Moses's motion as an 11.07 writ. We express no opinion on the issues raised in this latest of Mr. Moses's pro se filings. *See Ex parte Edwards*, No. 05-03-00556-CR, 2003 WL 21962575, at *3 (Tex. App.—Dallas Aug. 18, 2003, no pet.) (not designated for publication) (remedy for violating article 15.17's 48-hour magistration rule is potential suppression of statement of involuntary confession, not release).[1]

---

[1] It appears that Mr. Moses made two voluntary pre-arrest statements but none after arrest that was admitted at trial. *See Montoya v. State*, 464 S.W.2d 853, 854 (Tex. Crim. App. 1971) (no reversible error if no post-arrest confession prior to 15.17 magistration). It also appears Mr. Moses filed a pro se, pre-trial motion to suppress raising a 15.17 issue. Later, his esteemed trial counsel filed three additional, separate motions to suppress, portions of which were granted, but none of which included a 15.17 complaint. *See Kull v. State*, No. 05-00-00195-CR, 2000 WL 1694015, at *1 (Tex. App.—Dallas Nov. 14, 2000, no pet.) (not designated for publication) (holding that the defendant waived this issue by not raising it in his motion to suppress).

But we lack jurisdiction over a direct appeal from the trial court's denial of such a pleading. *See* TEX. CODE CRIM. PROC. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). We dismiss this appeal.[2]

/Cory L. Carlyle/

CORY L. CARLYLE

JUSTICE

Do Not Publish

TEX. R. APP. P. 47.2(b)

200756F.U05

---

[2] We deny Mr. Moses's September 14, 2020 "Motion to unseal and release," filed in this Court. The documents he seeks to unseal are included in an unsealed volume entitled "Supplemental Clerk's Record" in his direct appeal, number 05-16-01391-CR. To the extent necessary for determining the present appeal, we have taken judicial notice of the record in that appeal.

We have no jurisdiction to address the remaining allegations in this motion because they are challenges to the legality of Mr. Moses's confinement and are only properly brought in an 11.07 writ filed in the trial court. During the litigation of a writ, the trial court may order certain forms of discovery to assist in developing "controverted, previously unresolved facts which are material to the legality of the applicant's confinement." *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(d).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT ARTHUR MOSES,
Appellant

No. 05-20-00756-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-81377-
2015.
Opinion delivered by Justice Carlyle.
Justices Molberg and Browning
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 29th day of September, 2020.